Wistong Riascos **TORRES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1304–91.

Court of Criminal Appeals of Texas, En Banc.

Feb. 26, 1992.

---

Walter M. Reaves, Jr., Waco, for appellant.

John W. Segrest, Dist. Atty., and Crawford Long, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Justice.

Appellant was convicted by a jury of aggravated possession with intent to deliver cocaine. TEX. HEALTH & SAFETY CODE ANN. sec. 481.112(d)(1). The jury assessed punishment at twenty years imprisonment and a $50,000 fine. The Tenth Court of Appeals reversed and remanded the case for a new punishment hearing, but overruled all grounds for review raised by appellant relating to guilt or innocence. *Torres v. State*, 818 S.W.2d 141 (Tex. App.—Waco, 1991). We grant appellant's petition for discretionary review on the issue of whether the officers had probable cause for appellant's arrest in light of our decision in *Amores v. State*, 816 S.W.2d 407 (Tex.Cr.App.1991) and will vacate and remand.

The record reflects that appellant's girlfriend, Jackie Sampson, had left her car with Gene Sterling, a mechanic, for repair. On the day of the arrest, Sampson went to Sterling's residence, put a package in the trunk of her car, took the keys and told Sterling not to touch the package. Sterling thought the package might contain cocaine so he entered the trunk through the interior of the car, looked inside the package and found what he believed to be cocaine. He called the police who field-tested the substance. Determined that it was cocaine, the police then set up surveillance at Sterling's residence. Later that night, appellant drove Sampson to Sterling's house. When Sampson discovered that the package was missing from her car, she went to the rear of Sterling's house, where she was arrested. Meanwhile, appellant was sitting in his car waiting for Sampson. One of the arresting officers testified that after they arrested Sampson, he and some other officers ran towards appellant's car with their service revolvers pointed at appellant, ordered him out of the car and face down on the ground where they handcuffed him. After the officers placed appellant in a patrol car and warned him of his *Miranda* rights [1], they discovered that he did not have a valid Texas driver's license. They then conducted an inventory search of appellant's car where they found cocaine and several documents indicating appellant had transferred large sums of money to Columbia on several occasions. The cocaine found in appellant's vehicle was the basis for this prosecution.

The Court of Appeals held that the officers had probable cause to arrest appellant because he committed the offense of driving without a license in the officers' presence. However, they failed to consider that the arrest occurred before the officers discovered that appellant did not have a license. *Amores*.

Appellant's petition for discretionary review is therefore granted on ground one. The judgment of the Court of Appeals is vacated and this cause is remanded to the

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Court of Appeals for reconsideration in light of *Amores.*