**Wistong Riascos TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–010–CR.**

Court of Appeals of Texas, Waco.

Aug. 12, 1992.

Rehearing Denied Oct. 7, 1992.

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, Crim. Dist. Atty., Susan Kelly, Juanita Fielden, Asst. Dist. Attys., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON REMAND

CUMMINGS, Justice.

Torres was convicted by a jury of aggravated possession with intent to deliver cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d)(1) (Vernon 1992). The jury assessed punishment at twenty years in prison and a $50,000 fine. We reversed and remanded the case for a new punishment hearing, but overruled all grounds for review raised by Torres relating to guilt or innocence. *See Torres v. State*, 818 S.W.2d 141 (Tex.App.—Waco 1991), *vacated*, 825 S.W.2d 124 (Tex.Crim.App.1992). The Court of Criminal Appeals granted Torres' motion for discretionary review, vacated our judgment, and remanded the case to us for reconsideration in light of their opinion in *Amores v. State*, 816 S.W.2d 407 (Tex. Crim.App.1991).

The officer's stated reason for the arrest is not valid since Torres had already been handcuffed and placed in the police vehicle when the officer discovered that Torres did not have a driver's license. *See id.* at 413. We will now consider whether there was probable cause for his arrest under article 14.03(a)(1) of the Texas Code of Criminal Procedure, which provides:

(a) Any peace officer may arrest, without warrant:

(1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws;

. . . . .

*See* TEX.CRIM.PROC.CODE ANN. art. 14.-03(a)(1) (Vernon Supp.1992).

The "totality of the circumstances" test applies for determining probable cause for a warrantless arrest. *Amores*, 816 S.W.2d at 413. "Probable cause" exists when facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a particular person has committed or is committing an offense. *Id.* In reviewing a warrantless arrest to determine the existence of probable cause, we look to the facts known to the officers at the time of the arrest; subsequently discovered facts or later-acquired knowledge, like the fruits of a search, cannot retrospectively serve to bolster probable cause at the time of the arrest. *Id.* at 415. The standard for the legality of a warrantless arrest is not equal to the sufficiency of evidence for a conviction. *Delgado v. State*, 718 S.W.2d 718, 720–21 (Tex.Crim. App.1986); *Hafford v. State*, 828 S.W.2d 275, 277 (Tex.App.—Fort Worth 1992, no pet.). The standard is "probable cause," not "proof beyond a reasonable doubt." *Delgado*, 718 S.W.2d at 721.

Knowing that Jackie Sampson had left three to three and one-half pounds of high-purity cocaine in the trunk of a car behind Gene Sterling's house, the police set up surveillance at Sterling's residence. Late that night, Torres drove Sampson to Sterling's house. When Sampson discovered that the package was missing from the car behind Sterling's house, she appeared angry and went to the rear of Sterling's residence, where she was arrested. The officers, knowing that Sampson had been arrested behind Sterling's house after she discovered the cocaine to be missing, surrounded the car where Torres was waiting with the motor running. The record reveals that the officers were concerned that Torres would be armed, because persons possessing such a large quantity of contraband usually are armed. Accordingly, the officers had their weapons drawn while approaching Torres' car. The officer at the driver's door identified himself as a police officer, and Torres answered him in "broken English," stating that he had a baby in the car. The baby was removed from Torres' lap, and then the officers removed Torres from the car and placed him "spread-eagle" on the ground, where they frisked him for weapons. No weapons were found, but they discovered he was wearing a pager, which the police testified was commonly used by drug dealers. Torres was then handcuffed and placed in the rear seat of a police vehicle. It was not until after he was handcuffed or placed

under arrest that the police discovered he did not have a driver's license and that his name was Wistong Torres, a name they recognized as possibly being involved in drug trafficking.

Thus, at the time of the arrest, the officers knew the following facts:

- That Jackie Sampson had left over three pounds of cocaine in the trunk of a car behind Gene Sterling's house.
- That the surveillance team had witnessed Sampson's return late that night in a car driven by Torres.
- That Sampson left the car and went directly to where she had stored the cocaine and found it to be missing.
- That Sampson had been arrested as she approached the rear of Sterling's house.
- That Torres was waiting in front of Sterling's house with the car motor running.
- That it was common for persons dealing in large quantities of cocaine to be armed.
- That it was common for drug traffickers to wear pagers.

These facts are similar to those in *Johnson v. State*, 722 S.W.2d 417 (Tex.Crim. App.1986), where a warrantless arrest was upheld on the authority of article 14.03. There, the court held that few, if any, places are suspicious in and of themselves. *Id.* at 421. Rather, additional facts available to an officer plus reasonable inferences from those facts in relation to a particular place may arouse justifiable suspicion. *Id.* In *Johnson*, the suspicious place was the scene where a murder had been committed. Here, the suspicious place was the area around where Jackie Sampson had stored the cocaine. In *Johnson* the defendant returned to the murder scene at an unusual time and identified the keys to the room where the murder had occurred as being his work keys. Based on those facts, the police made a warrantless arrest of Johnson under authority of article 14.03. *Id.*

Here, Jackie Sampson returned to the scene in a car driven by Torres. After exiting the car, the surveillance team saw her go directly to where she had earlier stored the cocaine. It is interesting to note that she did not go to Sterling's house to inquire about how the repair of her old car was progressing; instead, they observed her go directly to the trunk of the car where the cocaine had been stored. Certainly, it would seem reasonable for the officers to infer from those facts that the person who was waiting in the car with the motor running was indeed helping or assisting her in regard to her concerns with the cocaine. Even if the officer had not found the pager during the frisk of Torres, it would still have been reasonable for the officers to infer that the person assisting her would necessarily be aware of the large amount of contraband involved. Considering that he was wearing a pager commonly found on drug traffickers, however, strengthens their justifiable suspicion that he was a party to the offense involving the cocaine stored in the old car. Certainly, the facts seem much stronger than those in *Hamel v. State*, 582 S.W.2d 424 (Tex.Crim. App.1979), where the defendant's arrest was found to be proper under article 14.03.

We find that, when the officers arrested Torres, they had sufficient facts to arouse a justifiable suspicion that Torres had either committed the offense of possession of cocaine, by aiding Jackie Sampson as a party, or was about to commit such an offense. Knowing that a large amount of cocaine was involved, the immediate handcuffing of Torres appears reasonable, not only for the safety of the officers, but for Torres's safety, also. Because Jackie Sampson went directly to where she had stashed the cocaine, her conduct was not as consistent with innocent activity as with a criminal act. *See Lunde v. State*, 736 S.W.2d 665, 667 (Tex.Crim.App.1987). We find it reasonable under these circumstances for the officers to infer that the person waiting for her with his car motor running was assisting her with regard to the cocaine. We find that the officers' suspicions rose to the level of probable cause justifying the warrantless arrest under authority of Article 14.03(a)(1). *Johnson*, 722 S.W.2d at 421.

We adopt the other portions of our original opinion which addressed the other points of error. We affirm the judgment on guilt and remand the cause for another trial on punishment.