Wallace v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-377-CR





DEDRIC STEVEN WALLACE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 92-1379, HONORABLE BOB PERKINS, JUDGE PRESIDING



 



 Appellant, Dedric Steven Wallace, was convicted in district court of voluntary
manslaughter. Tex. Penal Code Ann. § 19.04 (West 1989). The jury assessed punishment at
sixteen years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. 
During the punishment phase of the trial, the prosecutor asked questions about alleged
unadjudicated extraneous offenses committed by appellant. The trial judge sustained appellant's
objections to the questions but overruled appellant's motions for mistrial. Appellant contends that
the trial court erred by overruling his motions for mistrial. We will affirm.


BACKGROUND


 Appellant testified that at 4:00 a.m. on January 8, 1991, he was walking to the soda
machine in the Springdale Garden Apartments in Austin, Texas, where he lived. Appellant
testified that a car pulled through the complex's parking lot and drove past him, then backed up
alongside of him. The car's occupants asked appellant if they could "score some rock." 
Appellant responded that he had some, opening his hands to show them, and asked to see their
money. Appellant testified that at this point the driver put the car in gear and began to drive
away, while the passenger, William Jackson, grabbed appellant's hand with the rock cocaine, and
held on to it as the car drove off. Appellant testified that he drew his pistol and fired into the car
in order to free himself. In contrast to appellant's version, a witness called by the State testified
that appellant shot at the car only after it had begun to drive away from him, and that appellant
fired at the car while chasing after it.

 The body of the car's passenger, William Jackson, was found later that day on the
5300 block of Dolores Street in Austin, Texas. Jackson had died a few hours earlier from a
gunshot wound to the chest. Police soon obtained information that led them to suspect appellant
of Jackson's murder. On January 21, 1991, while appellant was in custody for a traffic violation,
Sergeant Mike Huckaby of the Austin Police Homicide Detail questioned him about the murder. 
During the interview, appellant confessed to having killed Jackson during a confrontation that
arose when appellant was selling crack cocaine to Jackson. Appellant was charged and indicted
for intentional murder. The jury found appellant guilty of the lesser included offense of voluntary
manslaughter at the guilt-innocence stage of the trial.

 This appeal arises from the prosecutor's cross-examination of appellant during the
punishment phase of the trial. Article 37.07 of the Code of Criminal Procedure governs the
procedures used in the punishment phase of non-capital trials, and article 37.07(3)(a) specifies the
types of evidence that may be admitted during the punishment hearing.

 The version of article 37.07(3)(a) in effect at the time of appellant's trial read as
follows:


Regardless of the plea and whether the punishment be assessed by the judge or the
jury, evidence may, as permitted by the Rules of Evidence, be offered by the state
and the defendant as to any matter the court deems relevant to sentencing,
including the prior criminal record of the defendant, his general reputation and his
character. The term prior criminal record means a final conviction in a court of
record, or a probated or suspended sentence that has occurred prior to trial, or any
final conviction material to the offense charged. (1)



At the time of appellant's trial, the courts of appeals were split on their interpretation of this
statute. Of the seven courts that had addressed the issue at the time of appellant's trial, five had
interpreted the statute as permitting admission of unadjudicated-extraneous-offense evidence
during the punishment phase, (2) while two had interpreted the statute as permitting only evidence
of final convictions. (3) In an opinion handed down after appellant's trial, this Court also held that
the statute permitted admission of unadjudicated extraneous offenses, provided they were relevant. 
Coy v. State, 831 S.W.2d 552 (Tex. App.--Austin), reversed and remanded, No. 842-92 (Tex.
Crim. App. Dec. 23, 1992) (not designated for publication). The Court of Criminal Appeals has
since settled the matter, adopting the position taken by the Dallas Court of Appeals, that article
37.07(3)(a) does not permit admission of unadjudicated extraneous offenses. Grunsfeld v. State,
843 S.W.2d 521, 523 (Tex. Crim. App. 1993). However, at the time of appellant's trial, the
issue had not been resolved.

 During the punishment phase, the prosecutor asked appellant questions concerning
four different extraneous offenses. Appellant had been convicted of only the first of these
offenses. Appellant had been arrested, been a suspect, and charged for the second, third, and
fourth extraneous offenses, respectively. Accordingly, evidence of these latter three offenses
would have been inadmissible under Grunsfeld. 

 The prosecutor began her cross-examination of appellant by asking about the prior
conviction:



Q: Mr. Jackson, I'm sorry, Mr. Wallace, you were convicted, let's see, you
were arrested January 21st of 1991, is that correct, for the offense of
fleeing from an officer while the officer was lawfully attempting to arrest
you and that you knew he was an Officer attempting to arrest you. Is that
correct?


A: Yes, it is.


Q: And then you were filed on for that misdemeanor offense of evading. Is
that correct?


A: Yes, it is.


Q: And when you were arrested for that offense the probable cause affidavit,
which is part of State's Exhibit 85, states that --


DEFENSE COUNSEL: Excuse me, Your Honor. I believe that's objectionable.



The defense counsel continued, asserting that the question called for evidence that was
inadmissible as a prior conviction. The trial judge stated that he did not believe there was a
problem with admissibility. The defense counsel examined the probable cause affidavit and after
confirming that the offense had culminated in a final conviction, withdrew his objection.

 The prosecutor continued, questioning appellant about the events that led to the
charge and conviction for evading arrest. Immediately following this line of questioning, the
prosecutor asked appellant about the second offense for which he had only been arrested:



Q: And that you also had a, you were arrested April 27, 1990, for criminal
mischief. Is that correct?


A: Not to my knowledge.


Q: You don't remember being arrested--is your name Dedric Wallace?



The defense counsel objected: "Excuse me. Do we have a conviction on that?" The prosecutor
replied that there had been no conviction. The defense counsel responded: "That's highly
improper, Your Honor." The prosecutor stated that she was offering it under article 37.07 of the
Code of Criminal Procedure. After a discussion at the bench, the trial judge sustained the defense
counsel's objection to the question. The trial judge did not instruct the jury to disregard the
question, and the defense counsel did not move for a mistrial.

 Immediately after the trial court's ruling, the prosecutor asked the following
question regarding the third offense:



Q: Mr. Wallace, you have also been a suspect in an aggravated sexual assault
of a child.


A: No, it isn't [sic].



The defense counsel asked that the jury be excused. The trial judge did not excuse the jury, but
interpreted the request as an objection to the question and sustained the objection. The trial court
also instructed the jury to disregard the prosecutor's remark. The defense counsel then moved
for a mistrial, which the trial court overruled.

 Following the trial court's denial of appellant's motion for mistrial, the prosecutor
inquired about the fourth extraneous offense:



Q: Mr. Wallace, you have also been charged with assault against Lisa
Harlandale.


DEFENSE COUNSEL: Excuse me, Your Honor. Could we have the jury
excused?


At this point, the trial judge excused the jury. During the discussion at the bench, the trial judge
determined that the assault was a class A misdemeanor, still pending against appellant. While the
jury was recessed, the trial judge told the prosecutor that she could ask appellant whether he had
a charge of assault pending against him as a class A misdemeanor in the county court at law. 
However, upon the jury's return, the trial judge sustained the defense counsel's objection to the
question, and instructed the jury to disregard it. The defense counsel again moved for a mistrial,
which the trial judge denied. 

 The prosecutor did not question the appellant further and the State rested. The jury
assessed punishment at sixteen years confinement in the Institutional Division of the Department
of Criminal Justice.

 In two points of error, appellant contends that the trial court erred by denying the
two motions for mistrial, the first made after the prosecutor asked whether appellant had been a
suspect for the sexual assault of a child, and second made after the prosecutor asked whether
appellant had been charged with assault.


DISCUSSION


 The asking of an improper question, by itself, seldom requires a mistrial. Swallow
v. State, 829 S.W.2d 223, 226-27 (Tex. Crim. App. 1992); Hernandez v. State, 805 S.W.2d 409,
413 (Tex. Crim. App. 1990). "In most cases, any harm from such a question may be cured by
an instruction to disregard the question." Hernandez, 805 S.W.2d at 413-14. "A mistrial is
required when the question is `clearly calculated to inflame the minds of the jury and is of such
character as to suggest the impossibility of withdrawing the impression produced on their minds.'" 
Id. at 414 (citing Gonzales v. State, 685 S.W.2d 47, 49 (Tex. Crim. App.), cert. denied, 472
U.S. 1009 (1985)). The Court of Criminal Appeals has stated that a question's effect on the jury
cannot be cured "whenever the question is so stated that it amounts to an assertion of fact . . . and
it implies the commission of another offense." Swallow, 829 S.W.2d at 227 (quoting McNaulty
v. State, 135 S.W.2d 987, 988-89 (Tex. Crim. App. 1940) (opinion on rehearing)). In deciding
whether instructions to disregard are sufficient to cure a question's effect on the jury, "it must be
remembered that each case has its own characteristics and [the reviewing court] will look at the
entire record with the surrounding circumstances, the nature of the evidence sought and its
possible relationship to other testimony, in order to determine the probability or possibility of
injury." Sensabaugh v. State, 426 S.W.2d 224, 227 (Tex. Crim. App. 1968).

 We hold that the questions at issue in this case are not the variety that require a
mistrial. After the prosecutor asked the two questions, appellant's attorney timely objected,
preventing the jury from hearing any of the inadmissible evidence. In each instance the jury was
instructed to disregard the question. We are to presume that the jury obeyed the trial court's
instructions. Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987).

 Another factor to be considered is that appellant was sentenced to sixteen years'
imprisonment, admittedly in the upper end of the possible range of two to twenty years. 
However, the jury found appellant guilty of only voluntary manslaughter, not intentional murder,
the conviction the State had sought. Further, though the questions inquired about extraneous
offenses, appellant himself admitted he was a crack dealer while testifying during the guilt-innocence stage of the trial. Finally, given the unsettled state of the law at the time of trial
regarding the admissibility of unadjudicated extraneous offenses, we cannot say that the questions
were "clearly calculated to inflame the minds of the jury." Hernandez, 805 S.W.2d at 414.

 When the timely objections, the curative instructions to the jury, and the record as
a whole are considered in light of the unsettled state of the law at the time of trial, we cannot say
that this is one of the rare cases where the improper question "suggest[s] the impossibility of
withdrawing the impression from [the juror's] minds." Swallow, 829 S.W.2d at 227. We
therefore find that the instructions were sufficient and overrule appellant's two points of error. (4)

 We affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 20, 1993

Do Not Publish
1.   Omnibus Criminal Justice Reform Act, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex.
Gen. Laws 3471, 3492 (Tex. Code Crim. Proc. Ann. art. 37.07(3)(a)), amended by Act of
June 19, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Sess. Law Serv. 3589, 3762 (to
be codified at Tex. Code Crim. Proc. Ann. art. 37.07(3)(a)).
2.   See Rexford v. State, 818 S.W.2d 494 (Tex. App.--Houston [1st Dist.] 1991, pet. ref'd);
Hubbard v. State, 809 S.W.2d 316 (Tex. App.--Fort Worth 1991, pet. granted); Gallardo v.
State, 809 S.W.2d 540 (Tex. App.--San Antonio 1991), vacated and remanded, 849 S.W.2d
825 (Tex. Crim. App. 1993) (for reconsideration in light of Grunsfeld v. State, 843 S.W.2d
521 (Tex. Crim. App. 1993)); Huggins v. State, 795 S.W.2d 909 (Tex. App.--Beaumont 1990,
pet. ref'd); McMillian v. State, 799 S.W.2d 311 (Tex. App.--Houston [14th Dist.] 1990),
vacated and remanded, 844 S.W.2d 749 (Tex. Crim. App. 1993) (for reconsideration in light
of Grunsfeld). 
3.   See Grunsfeld v. State, 813 S.W.2d 158 (Tex. App.--Dallas 1991), aff'd, 843 S.W.2d
521 (Tex. Crim. App. 1993); Torres v. State, 818 S.W.2d 141 (Tex. App.--Waco 1991),
vacated and remanded on other grounds, 825 S.W.2d 124 (Tex. Crim. App. 1992).
4.   By affirming the conviction, we do not condone the conduct of the prosecutor in
twice violating the ruling of the trial court.