**Wistong Riascos TORRES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1530–92.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 24, 1993.

Rehearing Denied Jan. 26, 1994.

deliver cocaine, TEX.HEALTH & SAFETY CODE ANN. sec. 481.112(d)(1), alleged to have been committed on the 13th day of April, 1989, in McLennan County. Appellant was found guilty of the charged offense on the 8th day of November, 1989, in the 54th Judicial District Court of McLennan County. Punishment was assessed at twenty years imprisonment and a $50,000 fine by the jury. The Tenth Court of Appeals reversed and remanded the case for a new punishment hearing, but overruled all grounds for review raised by appellant relating to guilt or innocence. *Torres v. State,* 818 S.W.2d 141 (Tex. App.—Waco 1991). This Court vacated and remanded the Court of Appeals' decision in light of *Amores v. State,* 816 S.W.2d 407 (Tex.Cr.App.1991). *Torres v. State,* 825 S.W.2d 124 (Tex.Cr.App.1992). On remand, the Tenth Court of Appeals again affirmed the trial court's decision. *Torres v. State,* 836 S.W.2d 766 (Tex.App.—Waco 1992). The Court of Appeals held that the officers had probable cause to arrest appellant because of the actions of a co-defendant. The Court of Appeals stated, "[T]hey (police) had sufficient facts to arouse a justifiable suspicion that Torres had either committed the offense of possession of cocaine, by aiding Jackie Sampson [sic] as a party, or was about to commit such an offense." *Torres,* 836 S.W.2d at 768. The Court further concluded "that the officers' suspicions rose to the level of probable cause justifying the warrantless arrest...." *Id., citing Johnson v. State,* 722 S.W.2d 417, 421 (Tex.Crim.App.1986). This court granted the appellant's petition for discretionary review to consider the following grounds:

(1) WHETHER THE SUSPICIOUS BEHAVIOR OF A CO–DEFENDANT CAN ESTABLISH PROBABLE CAUSE FOR THE WARRANTLESS ARREST OF A DEFENDANT WHOSE OWN ACTIONS ARE AS CONSISTENT WITH INNOCENT ACTIVITY AS CRIMINAL ACTIVITY?

(2) WHETHER A DEFENDANT'S ACT OF DRIVING A CO–DEFENDANT TO A LOCATION WHERE THE CO–

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, Dist. Atty., and Juanita Fielden, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was indicted for the felony offense of aggravated possession with intent to

DEFENDANT ATTEMPTS TO RECOVER COCAINE ESTABLISHES PROBABLE CAUSE TO BELIEVE THE DEFENDANT IS GUILTY OF A FELONY?

(3) WHETHER THE RECOVERY OF A PAGER CAN BE CONSIDERED IN DETERMINING PROBABLE CAUSE FOR A WARRANTLESS ARREST, WHERE THE PAGER WAS NOT SEEN OR RECOVERED UNTIL AFTER APPELLANT HAD BEEN FORCIBLY REMOVED FROM HIS CAR AND HANDCUFFED?

## I.

### SUMMARY OF PERTINENT FACTS

At approximately 9:30 p.m. on April 13, 1989, Wistong Riascos Torres, appellant, drove Jackie Samson to the home of Gene Sterling, an auto mechanic, where Samson had previously left her car for repairs. Appellant remained in the parked car with the motor running in front of the Sterling house.

Earlier that same day, Samson had gone to the Sterling home and left a package in the trunk of her car. She told Sterling that the package contained money, that she was leaving it there for safe keeping and not to "mess with" it. She told him she would return for the package later, took the keys and left. Sterling testified that he believed the package contained contraband so he removed the side panel from inside the back seat to get in the trunk and look. He could not use the keys to enter the car because Samson had taken the keys with her.

Sterling found what he believed was cocaine and reported this to the police. The police came to Sterling's home where he again removed the side panel and entered the trunk, this time in the presence of the police. The police tested the substance, found it to be cocaine, set up surveillance and arrested Samson when she returned to the rear of the house to retrieve the package that evening. Subsequently, several officers with weapons drawn surrounded appellant sitting in the car in front of the house.

The police officers identified themselves as such. The officer on the passenger side removed a small child who was in the car with appellant; and the officer on the driver's side removed appellant from the car and placed him face down on the ground. Based upon our reading of the record, the officers handcuffed and frisked appellant simultaneously. No weapons were found, but the officers found a pager on appellant's person. The officers then placed appellant in the rear seat of a patrol vehicle.

After appellant was handcuffed and in the patrol vehicle, the police asked appellant for identification and learned that he did not have a driver's license and that his name may be associated with a family known for drug trafficking. While appellant sat in the patrol vehicle, the police searched the car that appellant was driving; in the back seat in a "compartment or space that goes down into the inner walls of the vehicle" wrapped in newspaper, the police found a plastic bag containing what appeared to be cocaine. Prior to trial, appellant sought to exclude from evidence all items seized at the time of the arrest and maintained that the search was not valid because the police had no probable cause to make the arrest. The trial court denied the motion to suppress. At trial, the trial court admitted into evidence, over the objection of appellant, all the seized items.

## II.

### APPELLANT'S CONTENTIONS

Appellant contends that the Court of Appeals erred in justifying his arrest based on Samson's actions rather than on appellant's actions. He further contends that the Court of Appeals erred in using the pager as evidence of probable cause for the arrest because the pager was not found until after he was arrested.

## III.

### DISCUSSION

The issue upon which this case must be decided is whether the Court of Appeals

correctly found that the officers had probable cause to arrest appellant, because the legality of all subsequent actions taken by the police rests on this determination. We hold here, as in *Amores v. State*, 816 S.W.2d 407, 412 (Tex.Cr.App.1991), "that the arrest was not supported by probable cause and that the items of evidence should have therefore been suppressed as fruit of the illegal arrest."

■■■ We hold that the appellant was arrested when he was removed from the car and placed face down on the ground. Consistent with our decision in *Amores*, 816 S.W.2d at 411, a person is arrested when his liberty of movement is restricted or when a person "has actually been placed under restraint." *citing Hoag v. State*, 728 S.W.2d 375, 379 (Tex.Cr.App.1987) (*citing Brewster v. State*, 606 S.W.2d 325 (Tex.Cr.App.1980); Article 15.22, V.A.C.C.P.) Any facts subsequently discovered or later-acquired knowledge cannot serve to bolster probable cause at the time of the arrest. *Amores*, 816 S.W.2d at 415. As such, the fact that the officers found cocaine in appellant's vehicle and learned after the arrest that appellant may be linked to a known drug trafficking family cannot be used to support the probable cause at the time of the arrest.

The Court of Appeals, as its basis for finding that probable cause exists, relies upon article 14.03(a)(1) of the Code of Criminal Procedure:

(a) Any peace officer may arrest, without warrant:

(1) persons in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws;

Tex.Crim.Proc.Code Ann. art. 14.03(a)(1) (Vernon Supp.1992).

*Totality of the Circumstances Test*

■■■ The Court then correctly establishes that "[t]he 'totality of the circumstances' test applies for determining probable cause for a warrantless arrest [and that] '[p]robable cause' exists when facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a particular person has committed or is committing an offense." *citing Amores*, 816 S.W.2d at 413. Finally, the court notes that "[i]n reviewing a warrantless arrest to determine the existence of probable cause, we look to the facts known to the officers at the time of the arrest; subsequently discovered facts or later-acquired knowledge, like the fruits of a search, cannot retrospectively serve to bolster probable cause at the time of the arrest." *Id.* at 415.

The court subsequently sets out the facts known to the officers at the time of arrest:

— That Jackie Sampson [sic] had left over three pounds of cocaine in the trunk of a car behind Gene Sterling's house.

— That the surveillance team had witnessed Sampson's [sic] return late that night in a car driven by Torres.

— That Sampson [sic] left the car and went directly to where she had stored cocaine and found it to be missing.

— That Sampson [sic] had been arrested as she approached the rear of Sterling's house.

— That Torres was waiting in front of Sterling's house with the car motor running.

— That it was common for persons dealing in large quantities of cocaine to be armed.

— That it was common for drug traffickers to wear pagers.

*Torres*, 836 S.W.2d at 769.

Appellant contends that the Court of Appeals erred in holding that these facts were sufficient to find that probable cause existed to arrest appellant. We agree.

■■■ The facts as set forth by the Court of Appeals do not rise to the level of probable

cause needed under the Texas Code of Criminal Procedure article 14.03(a)(1) to justify a warrantless arrest. The only facts known to the officers about appellant at the time of the arrest were:

— That he drove Jackie Samson to Sterling's house.

— That he was waiting out in the front of the house in the car with the motor running.

These acts are as consistent with innocent activity as they are with criminal activity. We have held and reaffirm here that "where events are as consistent with innocent activity as with criminal activity, the detention of a suspect" is unlawful. *Hoag v. State*, 728 S.W.2d 375, 379 (Tex.Cr.App.1987). Based on the facts known to the officers at the time of the arrest, they had no independent knowledge of any criminal activity in which appellant had engaged or was about to engage.

Neither are the additional facts known to the officers sufficient in themselves to find that probable cause existed to arrest appellant, independent of Samson's actions. Specifically, those facts were:

— That it was common for persons dealing in large quantities of cocaine to be armed.

— That it was common for drug traffickers to wear pagers.

At the time of arrest, the officers had no information linking appellant to any quantity of cocaine. Even after they removed appellant from the car and frisked him, they found no weapons either on his person or in the vehicle. The mere fact that he drove Samson to the house and waited in the car is not enough to find that he had any knowledge of the fact that Samson was going to retrieve cocaine. It certainly is not enough to warrant a finding that appellant had any ties to the cocaine found in Samson's car. Furthermore, it is as common for persons not engaged in drug-trafficking, such as business people, and general citizens to wear pagers as it is for drug-traffickers to wear them.

Absent additional facts or information known to the officers when they made the arrest, the fact that appellant wore a pager is certainly not conclusive to find probable cause to arrest him.

The Court of Appeals found that the totality of these facts was similar to the facts in *Johnson v. State*, 722 S.W.2d 417 (Tex.Crim. App.1986). In that case the warrantless arrest was upheld based on article 14.03; however, in that case Johnson returned to the murder scene with blood on his pants to get his keys while the police were still investigating the scene. In this case, appellant did nothing but drive Samson to Sterling's house and sit in the car.

### Innocent or Criminal Activity

Next, the Court of Appeals implied that appellant was the "wheel man" or get-a-way driver by analogizing these facts to the facts in *Hamel v. State*, 582 S.W.2d 424 (Tex.Crim. App.1979). In that case, Hamel entered the store with three other people; left the store alone carrying something in his hand; moved the car, in which they had all four arrived, to the store's entrance; then the others left the store looking over their shoulders, looking suspicious and carrying something in their hands. This Court upheld the stop as being justified to investigate possible shoplifting. However Hamel's actions, unlike the appellant's actions, were self-incriminating. Again, we reiterate the fact that based upon the record, appellant did nothing but sit in the car, with a child in his lap.

The Court of Appeals reasoned that because of Jackie Samson's actions, "[w]e find it reasonable under these circumstances for the officers to infer that the person waiting for her with his car motor running was assisting her with regard to the cocaine. We find that the officers' suspicions rose to the level of probable cause justifying the warrantless arrest...." *Torres*, 836 S.W.2d at 768 (*citing Johnson*, 722 S.W.2d at 421). The Court of Appeals correctly held that the totality of the circumstances test requires a review of the facts known at the time of the arrest. However, in order to reach the level

of probable cause necessary to support a warrantless arrest, the facts upon which the police rely must independently warrant a man of reasonable caution to believe that the suspect has or is about to engage in criminal activity. *See Amores, supra.* Where the independent actions of a suspect are as consistent with innocent activity as with criminal activity, such activity does not provide a sufficient basis to justify an arrest. In this case, no sufficient basis for an arrest is found.

Accordingly, the judgment of the Court of Appeals is reversed and the case remanded to the trial court.

McCORMICK, P.J., and MILLER and WHITE, JJ., dissent.