TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00465-CR






Mario Perez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-97-0769-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







 Appellant Mario Perez was convicted of possession of fifty-four grams of cocaine
with the intent to deliver, a first degree felony. See Tex. Health & Safety Code Ann. § 481.112(d)
(West Supp. 1999). The trial court assessed punishment at twenty-one years' imprisonment. In
his only point of error, appellant challenges the legality of the search of his automobile,
contending that the trial court erroneously admitted evidence seized from an invalid search. We
will affirm the judgment of conviction.

FACTUAL AND PROCEDURAL BACKGROUND

 The facts are undisputed. San Angelo Police Officer John Ford testified at trial that
he observed appellant commit a traffic violation on August 16, 1997 at 4:00 a.m. and subsequently
signaled him to stop. Appellant pulled into a nearby residential driveway and, when Officer Ford
approached him, began walking away from Ford toward the residence. Ford saw appellant
keeping his right hand cupped to his right leg as he walked, as if concealing some object. Ford
ordered appellant to stop, but he continued walking away until Ford caught up with him and
reached for his left shoulder. Fearing that appellant was concealing a weapon, Ford guided him
back to the parked car, where a passenger remained seated in the front passenger seat. At this
time, Ford was able to ascertain that the concealed material included a plastic bag containing a
"white, powdery substance." Appellant did not respond to any of Officer Ford's questions,
including the inquiry as to what was in his hand. Before Ford was able to handcuff him, appellant
managed to throw the objects he had been holding, which Ford retrieved after restraining and
handcuffing appellant. Ford found on the ground one plastic bag of a substance he determined to
be marijuana and one plastic bag of white powder, which he suspected to be cocaine. After Ford
deposited these substances in his patrol car, Officer Bowden arrived, and Ford placed appellant
in the back seat of Bowden's patrol car. Ford then handcuffed the passenger of appellant's
automobile and began a search of the vehicle incident to appellant's arrest. When he opened the
driver's door, Ford found another bag of white powder, identical to the first, in between the door
and driver's seat. Both of these bags subsequently tested positive for cocaine.

 Appellant was indicted on two counts: (1) possession of cocaine, over four but less
than 200 grams; and (2) possession with intent to deliver cocaine, over four but less than 200
grams. Appellant filed a motion to suppress the evidence, but on the day the motion was
scheduled for hearing, appellant withdrew this motion. Appellant subsequently waived a jury trial. 
At a trial before the court, appellant pleaded not guilty to both counts and objected to the
introduction of evidence obtained from the search of his automobile, contending the search was
conducted without a warrant in violation of the Fourth Amendment of the United States
Constitution, which prohibits unreasonable searches and seizures. The trial court overruled the
objection, admitted the evidence, found appellant guilty of Count Two of the indictment, and
sentenced him to twenty-one years' imprisonment. Appellant perfected this appeal.


DISCUSSION

Standard of Review

 In reviewing a trial court's evidentiary rulings, we generally apply an abuse of
discretion standard. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Maddox
v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). However, mixed questions of law and
fact that do not turn on the credibility of witnesses call for a de novo review. Guzman, 955
S.W.2d at 89. Since this appeal presents a question of law based on undisputed historical facts,
we review the issue of whether Officer Ford's warrantless search of appellant's automobile was
constitutionally valid under a de novo standard. See Loesch v. State, 958 S.W.2d 830, 831-32
(Tex. Crim. App. 1997).


Search as Incident of Arrest

 A search and seizure effectuated without a warrant is "per se unreasonable under
the Fourth Amendment--subject only to a few specifically established and well-delineated
exceptions." Katz v. United States, 389 U.S. 347, 357 (1967); see also Reyes v. State, 741
S.W.2d 414, 430 (Tex. Crim. App. 1987). One of the established exceptions to the general rule
that no search shall be conducted without a warrant is a search that is incident to an arrest. See
New York v. Belton, 453 U.S. 454, 457 (1981); United States v. Robinson, 414 U.S. 218, 235
(1973); Chimel v. California, 395 U.S. 752, 763 (1969); Carrasco v. State, 712 S.W.2d 120, 122
(Tex. Crim. App. 1986); Gauldin v. State, 683 S.W.2d 411, 414 (Tex. Crim. App. 1984);
Herrera v. State, 745 S.W.2d 527, 529 (Tex. App.--Corpus Christi 1988, pet. ref'd). Although
there has been some confusion in the courts regarding the scope of such a search, the United States
Supreme Court in Belton specifically held that when an officer has lawfully arrested an occupant
of an automobile, the officer may, "as a contemporaneous incident of that arrest," search the
vehicle. 453 U.S. at 460. The facts of the present case are similar to those of Belton, where an
officer stopped a vehicle for a traffic violation, suspected the possession of a controlled substance
after making contact with the occupants, arrested the occupants, and proceeded to search the
vehicle, finding cocaine in the automobile. Id. at 455-56. The search in Belton was held to be
constitutional, even though the officer did not actually see direct evidence of a controlled substance
until after the arrest and as a product of the search itself and where the cocaine was found in a
jacket in the back seat. In contrast, Officer Ford arrested appellant after finding him in possession
of what Ford believed to be marijuana and cocaine, and the scope of his search was limited to
opening the driver's side door where the second package of suspected cocaine was in plain view.


Lawful Arrest

 In appellant's brief, counsel urges that such an exception cannot be invoked in the
present case because appellant was not lawfully arrested. The facts here do not support such a
contention. At trial, appellant argued first that there was no probable cause for the initial stop. 
The initial stop of appellant's automobile was valid since it was premised on the failure to signal
a turn, in violation of a highway law. See Tex. Transp. Code Ann. § 545.104 (West 1999); see
also Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, such a violation
can lead to a valid detention and warrantless arrest. See Tex. Transp. Code Ann. § 543.001 (West
1999) ("Any peace officer may arrest without warrant a person found committing a violation of
this subtitle.").

 Second, appellant argues that the arrest was not lawful because the officer did not
inform appellant he was under arrest, nor read him his Miranda rights. Such actions are not
necessary to constitute an arrest. See Torres v. State, 868 S.W.2d 798, 801 (Tex. Crim. App.
1993) (defendant was arrested when removed from car and placed face down on ground); Brewster
v. State, 606 S.W.2d 325, 327 (Tex. Crim. App. 1980) (arrest is complete when person's liberty
of movement is restricted or restrained); Texas Dep't of Pub. Safety v. Latimer, 939 S.W.2d 240,
244 (Tex. App.--Austin 1997, no writ) (same). A person is arrested when he has actually been
placed under restraint or taken into custody. See Tex. Code Crim. Proc. Ann. art. 15.22 (West
1977). Officer Ford had already handcuffed appellant and placed him in the patrol car when he
conducted the search of appellant's car.

 Third, appellant argues that since no warrant was obtained for his arrest, the arrest
was invalid. However, an officer can arrest without a warrant in certain limited circumstances. 
One of these exceptions arises under the auspices of article 14.01 of the Code of Criminal
Procedure, which provides in pertinent part that a police officer "may arrest an offender without
a warrant for any offense committed in his presence or within his view." Tex. Code Crim. Proc.
Ann. art. 14.01 (West 1977). The uncontroverted testimony of Officer Ford establishes that he
witnessed appellant carrying a bag of a white powdery substance, which he believed to be cocaine,
and that he could verify (based upon appearance and odor) that the second bag that appellant had
been carrying contained marijuana.

 Since the officer had probable cause to make a valid custodial arrest, and the search
of appellant's automobile occurred immediately after the lawful arrest, the search was justified as
incident to arrest under the Belton standard. See 453 U.S. at 460.


CONCLUSION

 We hold that the search of the automobile in the present case was valid and that the
evidence seized from that search was therefore admissible. Appellant's point of error is overruled,
and the judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith, and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish



45 S.W.2d 527, 529 (Tex. App.--Corpus Christi 1988, pet. ref'd). Although
there has been some confusion in the courts regarding the scope of such a search, the United States
Supreme Court in Belton specifically held that when an officer has lawfully arrested an occupant
of an automobile, the officer may, "as a contemporaneous incident of that arrest," search the
vehicle. 453 U.S. at 460. The facts of the present case are similar to those of Belton, where an
officer stopped a vehicle for a traffic violation, suspected the possession of a controlled substance
after making contact with the occupants, arrested the occupants, and proceeded to search the
vehicle, finding cocaine in the automobile. Id. at 455-56. The search in Belton was held to be
constitutional, even though the officer did not actually see direct evidence of a controlled substance
until after the arrest and as a product of the search itself and where the cocaine was found in a
jacket in the back seat. In contrast, Officer Ford arrested appellant after finding him in possession
of what Ford believed to be marijuana and cocaine, and the scope of his search was limited to
opening the driver's side door where the second package of suspected cocaine was in plain view.


Lawful Arrest

 In appellant's brief, counsel urges that such an exception cannot be invoked in the
present case because appellant was not lawfully arrested. The facts here do not support such a
contention. At trial, appellant argued first that there was no probable cause for the initial stop. 
The initial stop of appellant's automobile was valid since it was premised on the failure to signal
a turn, in violation of a highway law. See Tex. Transp. Code Ann. § 545.104 (West 1999); see
also Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, such a violation
can lead to a valid detention and warrantless arrest. See Tex. Transp. Code Ann. § 543.001 (West
1999) ("Any peace officer may arrest without warrant a person found committing a violation of
this subtitle.").

 Second, appellant argues that the arrest was not lawful because the officer did not
inform appellant he was under arrest, nor read him his Miranda rights. Such actions are not
necessary to constitute an arrest. See Torres v. State, 868 S.W.2d 798, 801 (Tex. Crim. App.
1993) (defendant was arrested when removed from car and placed face down on ground); Brewster
v. State, 606 S.W.2d 325, 327 (Tex. Crim. App. 1980) (arrest is complete when person's liberty
of movement is restricted or restrained); Texas Dep't of Pub. Safety v. Latimer, 939 S.W.2d 240,
244 (Tex. App.--Austin 1997, no writ) (same). A person is arrested when he has actually been
placed under restraint or taken into custody. See Tex. Code Crim. Proc. Ann. art. 15.22 (West
1977). Officer Ford had already handcuffed appellant and placed him in the patrol car when he
conducted the search of appellant's car.

 Third, appellant argues that since no warrant was obtained for his arrest, the arrest
was invalid. However, an officer can arrest without a warrant in certain limited c