COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MANI KHAJEHNOURI,                                      )

                                                                              )               
No.  08-04-00161-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )                
363rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0126980-VW)

                                                                              )

 

 

O
P I N I O N

 

Mani Khajehnouri
appeals his conviction for possession of a controlled substance:  3,4-methylenedioxy methamphetamine (Aecstasy@).  A jury found him guilty, and the trial court
assessed punishment at 8 years=
imprisonment, probated to 5 years=
of community supervision, and imposed a $800 fine.  In four issues, Appellant argues that the
trial court erred in denying his motion to suppress and abused its discretion
in denying his motion for new trial based on improper jury argument.








In the early
morning hours of April 8, 2001, Garland Police Officers Craig Dockter and Clay
Lacey separately responded to a citizen complaint call regarding loud noise,
music, cars doors being slammed, and cars blocking the street on Oakwood, a
residential area.  The officers arrived
at the same time in marked squad cars and found the street Ajam packed@
with cars parked on both sides of the street. 
One car in particular caught their attention.  This car was parked on the wrong side of the
road against the flow of traffic at an intersection, was almost sticking out
into the intersection, and was blocking a stop sign.  When they approached, they saw the Appellant
leaning into or standing outside the driver=s
side door, which was open.  Appellant was
alone.  

Officer Dockter
testified that Appellant was extremely unsteady and had to use the car to
support himself as they walked around to the back of the car.  Appellant also appeared Areally spaced out,@ his eyes looked glassy and as Officer
Dockter was talking to him, the Appellant appeared to stare right through him
and was inattentive.  Appellant was
unable to answer simple questions about his name, his driver=s license, or where he was
located.  Appellant had the keys to the
vehicle and Officer Dockter believed that Appellant could have driven off,
which would have been unsafe.  Believing
that Appellant was intoxicated and was a danger to himself or possibly to
others, Officer Dockter decided to arrest Appellant for public intoxication.

Incident to the
arrest, Officer Dockter conducted a search of Appellant=s
person for contraband or weapons.  During
the search, Officer Dockter found a baggy full of pink pills in Appellant=s front left pocket.  A sample of one of the pills field-tested
positive for ecstasy.  Laboratory tests
confirmed that the pills found on Appellant contained the controlled substance,
3, 4-methylenedioxy methamphetamine or Aecstasy@ with an aggregate weight, including
any adulterants or dilutants, of 5.15 grams.








On
cross-examination, Officer Dockter admitted that he could not remember whether
or not Appellant was standing next to the curb, on the grass, or in the street
when he first made contact with him. 
Officer Dockter, however, did remember that Appellant was in an area
adjacent to a residence.  In addition, Officer
Dockter recalled that the car door was open and Appellant was reaching into the
car, rummaging inside.

MOTION
TO SUPPRESS

In Issue One,
Appellant challenges the trial court=s
denial of his motion to suppress, arguing that the trial court abdicated its
role by allowing the jury to resolve the issue of whether a private residence
is a public place, and therefore it failed to determine whether there was
probable cause to arrest him for public intoxication.

Standard
of Review

We review the
trial court=s ruling
on a motion to suppress for an abuse of discretion.  Guzman v. State, 955 S.W.2d 85, 88-9
(Tex.Crim.App. 1997).  Under this
standard, we give almost total deference to the trial court=s determination of historical facts
supported by the record, especially when the findings are based on an
evaluation of credibility and demeanor.  Id.
at 89.  We review de novo mixed
questions of law and fact that do not turn on an evaluation of credibility and
demeanor.  Id.; Balentine v.
State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002).  When the trial court does not make explicit
findings of fact, we review the evidence in a light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex.Crim.App. 2000). 
The trial court=s
ruling will be upheld if it is reasonably supported by the record and is
correct on any theory of law applicable to the case.  State v. Ross, 32 S.W.3d 853, 855-56
(Tex.Crim.App. 2000).








In this case,
Appellant had previously filed a motion to suppress the evidence seized.   The motion was carried along with the
evidence and after both sides rested, the trial court conducted a hearing on
Appellant=s motion
outside the jury=s
presence.  In the hearing, Appellant
argued that there was a fact issue as to whether or not he was detained and
arrested in a public or private place. 
Pointing to Officer Dockter=s
testimony that he could not remember if Appellant was standing on the curb, was
on the grass, or in the street, but only that Appellant was in an area adjacent
to a residence, Appellant argued that he was standing in the yard of a private
residence, which was not a public place. 
Specifically, Appellant argued that there was no evidence presented as
to whether or not there was a sidewalk between the front yard of the residence
and the street.  Appellant asserted that
because he was standing on a private residence, the State failed to prove
beyond a reasonable doubt the first element of the offense of public
intoxication, therefore the evidence stemming from his arrest was illegally tainted
and suppressible.

In response, the
State argued that the evidence indicated that the car was on a public street
and that Appellant was in close proximity to the car.  The trial court denied Appellant=s motion to suppress and also denied
his request for an instructed verdict. 
The trial court, however, granted Appellant=s
request for an Article 38.23 instruction, over the State=s
objection, and an Article 38.23 instruction was included in the court=s charge to the jury.

Probable
Cause to Arrest








The Fourth
Amendment to the United States Constitution and Article I, section 9 of the
Texas Constitution guarantee the right to be secure from unreasonable searches
and seizures.  See U.S. Const. Amend. IV; Tex.Const. art. I, ' 9. 
Generally, an arrest or search without a valid arrest warrant is
unreasonable.  Wilson v. State,
621 S.W.2d 799, 803-04 (Tex.Crim.App. 1981). 
In Texas, warrantless arrests are authorized only in limited
circumstances.  Id.  An officer is allowed to make a warrantless
arrest only if (1) the officer has probable cause, and (2) the arrest falls
within an exception listed in Chapter 14 of the Texas Code of Criminal
Procedure.  Stull v. State, 772
S.W.2d 449, 451 (Tex.Crim.App. 1989); see also Tex.Code Crim.Proc.Ann. arts. 14.01-14.04 (Vernon 2005 &
Supp. 2005).  Under Article 14.01, a police
officer is authorized to arrest a person for any offense committed in the
officer=s
presence or within his view.  See Tex.Code Crim.Proc.Ann. art.
14.01.  Warrantless searches are
presumptively unreasonable under the Fourth Amendment.  See United States v. Karo, 468 U.S.
705, 717, 104 S.Ct. 3296, 3304, 82 L.Ed.2d 530 (1984); Kolb v. State,
532 S.W.2d 87, 89 (Tex.Crim.App. 1976). 
A search incident to arrest, however, is a well-established exception to
the warrant requirement.  See Chimel
v. California, 395 U.S. 752, 762‑63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d
685 (1969); McGee v. State, 105 S.W.3d 609, 615 (Tex.Crim.App. 2003).

Probable cause to
arrest exists where the facts and circumstances within the officer=s knowledge and of which he has
reasonably trustworthy information are sufficient in themselves to warrant a
person of reasonable caution to believe that a particular person has committed
or is committing an offense.  See
McGee, 105 S.W.3d at 614; Amores v. State, 816 S.W.2d 407, 413
(Tex.Crim.App. 1991).  In reviewing a
warrantless arrest to determine the existence of probable cause, we look to the
objective facts known to the officers at the time of the arrest, not subsequently
discovered facts or later‑acquired knowledge that bolster the claim of
probable cause.  Amores, 816
S.W.2d at 415; Torres v. State, 868 S.W.2d 798, 801 (Tex.Crim.App.
1993). The State had the burden to prove the existence of probable cause to
justify the warrantless arrest.  Amores,
816 S.W.2d at 413.  In determining
whether there was probable cause for a warrantless arrest, the reviewing court
examines the totality of the circumstances. 
Id.; Angulo v. State, 727 S.W.2d 276, 278 (Tex.Crim.App.
1987).








Here, Appellant
was arrested for public intoxication.  A
person commits the offense of public intoxication if the person appears in a
public place while intoxicated to the degree that the person may endanger the
person or another.  See Tex.Pen.Code Ann. ' 49.02(a)(Vernon 2003).  Public place means any place to which the
public or a substantial group of the public has access and includes, but is not
limited to, streets, highways, and the common areas of schools, hospitals,
apartment houses, office buildings, transport facilities, and shops.  Tex.Pen.Code
Ann. ' 1.07(40)(Vernon
Supp. 2005).  Appellant does not contest
that there was evidence to show he was intoxicated.  Rather, Appellant argues that the arresting
officer lacked probable cause to arrest him because he was not observed to be
intoxicated in a Apublic
place.@

The record
reflects that the arresting officers knew the following information:  (1) When the officers arrived, both sides of
the residential street were lined with cars; (2) one car caught their attention
because it was parked on the wrong side of the street, was almost sticking out
into the intersection, and was blocking a stop sign; (3) Appellant was observed
leaning into or standing outside, but near the driver=s
side door; (4) Officer Dockter observed that the car door was open and Appellant
was reaching into the car; (5) the officers observed that Appellant had
extremely unsteady balance and that he had to use his car to support himself as
he walked around to the back of the car; (6) Appellant appeared Areally spaced out,@ glassy-eyed, was inattentive, and
could not answer simple questions; and (7) Officer Dockter knew that Appellant
had the keys to the vehicle and believed it was very possible that Appellant
could have driven off, which would have been unsafe.  Officer Dockter testified that he could not
remember whether or not Appellant was standing next to the curb, on the grass,
or in the street.  However, the officer
did recall that Appellant was in an area adjacent to a residence.













There was no
evidence that Appellant was standing in the yard or driveway of a private
residence when he was detained and arrested by the police.  To the contrary, the trial court could have
reasonably inferred from the facts in the record that Appellant was standing on
a public street in a residential area. 
The officers observed that the car was parked on the wrong side of the
street, against the flow of traffic, thus the driver=s
side door would have been facing a curb, if any.  However, the officers also observed that the
car was almost sticking out into the intersection, thus it was not flush to the
side of the street.  Because the car was
not flush against a curb, if any, presumably, there was an area on the street
in which Officer Dockter and Appellant were able to walk around to the back of
the car without transgressing onto private property.  Indeed, at all times, Appellant was observed
in close proximity to the car, either leaning onto it for support, rummaging
inside the open car door, or standing near the driver=s
side door.  Officer Dockter testified
that Appellant was standing in an area adjacent to a residence, but he also
testified that he had observed that cars were lining the entire roadway of the
residential area, and thus, all the cars were parked on the street in front of
houses.  Viewing the evidence in a light
most favorable to the trial court=s
ruling, we find that the facts in the record support the trial court=s implied finding that Appellant was
standing on a public street, not a private residence, when he was approached by
the arresting officers.  Therefore, there
is no need to reach the issue of whether a private residence is a public place,
which Appellant now asserts on appeal.[1]  Based on the totality of the circumstances
known to the officers at the time of the arrest, we hold there was sufficient
probable cause to arrest Appellant for public intoxication.  Because the arrest was valid under Article
14.01, the subsequent search incident to the arrest was also valid, therefore
the trial court did not abuse its discretion in denying Appellant=s motion to suppress.  See Atkins v. State, 764 S.W.2d 782,
787 (Tex.Crim.App. 1988); see also Chimel, 395 U.S. at 762-63, 89 S.Ct.
at 2040 (search incident to arrest permits an officer to search the person
arrested in order to remove any weapons for officer safety or to prevent
concealment or destruction of evidence); Tex.Code
Crim.Proc.Ann. art. 59.03(b)(4)(Vernon Supp. 2005).

In Issues Two and
Three, Appellant argues that the trial court erred in denying the motion to
suppress because the evidence was legally and factually insufficient to prove
he was in a public place while intoxicated, therefore the State failed to prove
this element beyond a reasonable doubt. 
The Texas Court of Criminal Appeals in Guzman, set out the
applicable standard of review for a trial court=s
ruling on a motion to suppress evidence based on Fourth Amendment
constitutional claims.  See Guzman,
955 S.W.2d at 89; see also Loserth v. State, 963 S.W.2d 770, 771
(Tex.Crim.App. 1998).  Therefore, we
decline Appellant=s request
to apply the legal and factual sufficiency standards of review to the trial
court=s
determination of the admissibility of the evidence in this case.  Issues One, Two, and Three are overruled.

MOTION
FOR NEW TRIAL








In his fourth
issue, Appellant argues that the trial court abused its discretion by denying
his motion for new trial, which was based on an alleged improper jury argument
by the State.  We review a trial court=s denial of a motion for new trial
under an abuse of discretion standard.  Charles
v. State, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004); Salazar v. State,
38 S.W.3d 141, 148 (Tex.Crim.App. 2001). 
Under this standard, we do not substitute our judgment for that of the
trial court, but rather we decide whether the trial court=s decision was arbitrary or
unreasonable.  Charles, 146 S.W.3d
at 208; Lewis v. State, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995).

Proper jury argument
falls within one of four categories:  (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to the arguments of opposing counsel; and (4) a plea for law
enforcement.  Jackson v. State, 17
S.W.3d 664, 673 (Tex.Crim.App. 2000); Coleman v. State, 881 S.W.2d 344,
358 (Tex.Crim.App. 1994).  During his
closing argument, defense counsel stated the following:

The main issue in this case for you to
deliberate is did the State prove beyond a reasonable doubt that Mr.
Khajehnouri was in a public place. 
Absolutely not.  Not even
close.  Not even close.  To me, reasonable deduction from the evidence
is that=s a front
yard, and the courts have never held front yards.  It=s
private --public property -- it=s
private property.  If anybody came to
your house and stood on -- in your front yard, they=d
-- you call the police.  They=re going to arrest them for
trespassing.

 

In the prosecutor=s closing argument, he stated the
following: 

One thing that
[Defense counsel] said that -- I don=t
know where this comes from, but he said -- I let it go -- he says, The courts
have never held that a front yard is a public place.  I have a tremendous amount of respect for
Judge Johnson, and if, as a matter of law, those officers violated this defendant=s constitutional rights, then she
could, as a matter of law, say they violated his rights.  That hasn=t
happened B

 








Defense counsel objected to the
prosecutor=s
comments, arguing that it was improper to argue whether the court ruled or did
not rule, and the trial court sustained the objection.  The prosecutor, however, continued the
argument, stating, A[w]ell,
what is proper is for me to respond to something that he said to you that is
not true.  Nonetheless, ladies and
gentlemen, it=s a
tremendous honor for me to --.@  Defense counsel again objected, arguing that
the argument was clearly improper and requested an instruction that the jury
disregard the prosecutor=s
comments.  The court then stated, AI sustained that objection@ and instructed the jury to
disregard.  Appellant did not move for a
mistrial.

At the hearing on
the motion for new trial, Appellant argued that the prosecutor=s argument did not fall within the
categories of permissible jury argument. 
Specifically, Appellant asserted that the State=s
argument was improper because it informed the jury that the trial court had
ruled on a motion to suppress and had denied it, a statement which was
inflammatory, extremely prejudicial, and injected new facts into the
trial.  Appellant also argued that the
instruction to disregard was ambiguous, and regardless, it did not cure the
harm.

Generally, an
instruction to disregard an improper jury argument cures any prejudicial
effect.  Wesbrook v. State, 29
S.W.3d 103, 115 (Tex.Crim.App. 2000). 
Indeed, impermissible jury argument will not constitute error unless, in
light of the record as a whole, the argument is extreme or manifestly improper,
violative of a mandatory statute, or injects new facts harmful to the accused
into the trial proceeding.  Id.  Moreover, the remarks must have been a
willful and calculated effort on the part of the State to deprive the appellant
of a fair and impartial trial.  Id.








Reviewing the
complained-of statements in context, the trial court could have reasonably
concluded that the prosecutor=s
statements did not inform the jury that a suppression hearing had taken place
or that the trial court had actually denied a motion to suppress, thus the
State did not inject new facts which were harmful to the Appellant=s defense.  Even if the argument was improper, the
prosecutor=s
comments were quickly followed by an instruction to disregard.  Contrary to Appellant=s
assertion, the instruction to disregard was not ambiguous; rather the
instruction was clearly given in reference to the sum of prosecutor=s comments, to which the trial court
had sustained Appellant=s
objection.  The jury is presumed to have
complied with the trial court=s
instruction to disregard.  See Colburn
v. State, 966 S.W.2d 511, 520 (Tex.Crim.App. 1998); Waldo v. State,
746 S.W.2d 750, 753 (Tex.Crim.App. 1988). 
Here, the prosecutor=s
comments were not so offensive or flagrant that the instruction to disregard
could not have cured the harm, if any.  See
Wesbrook, 29 S.W.3d at 116 (only offensive or flagrant error warrants
reversal when there has been an instruction to disregard).  Thus, the trial court=s
decision to deny Appellant=s
motion for new trial was not arbitrary or unreasonable.  Because we conclude that the trial court did
not abuse its discretion in denying the motion for new trial, we overrule
Appellant=s fourth
issue.

We affirm the
trial court=s
judgment.

 

 

January
26, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Within Issue One, Appellant also asserts that the trial court Aabdicated its role as the sole judge of
the facts and the law@
because it thought that Awhether
the front yard of a residence was a public place was a fact issue for the jury
to decide.@  Appellant refers to a statement by the trial
judge during the motion for new trial hearing, in which the trial judge agreed
that there Awas a
fact issue for the jury to decide whether or not if they considered where he
was was public or private, or not.@  The record shows that the trial court ruled
against Appellant by denying the motion to suppress, implicitly finding that
Appellant was in a public place.  The
trial court, however, granted Appellant=s
request for an Article 38.23(a) instruction because it accepted Appellant=s argument that the evidence created a
fact issue as to whether Appellant was arrested in a public place.  The trial court did not abdicate its role,
rather it ruled adversely to Appellant in determining the admissibility of the
evidence, and upon agreeing that there was a fact issue as to whether Appellant
was intoxicated in a public place, it gave the jury the instruction mandated by
Article 38.23(a).  Appellant never
presented a legal question to the trial court as to whether, upon a finding that
he was on private property, that private residence was a public place.