**Walter RYSIEJKO, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. A14–88–01009–CR, B14–88–01010–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 1989.

Discretionary Review Refused March 14, 1990.

**530**

Stanley G. Schneider, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

The court found appellant guilty of burglary of a motor vehicle and the second degree felony offense of theft and assessed punishment at confinement in the Texas Department of Corrections for five years on each offense, to run concurrently. Appellant brings two points of error in appealing his overruled pre-trial motions to suppress evidence as the fruits of an illegal search and of an illegal seizure. We affirm.

There was a plea bargain in which appellant waived a jury, agreed to stipulate evidence and made a judicial confession to both offenses. At the hearing on these pleas, the State presented two signed forms entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" as its only evidence in satisfaction of TEX.CODE CRIM.PROC.ANN. art. 1.15. The disputed evidence was not introduced even though appellant's pre-trial motions to have it suppressed were overruled. Nonetheless, TEX.CODE CRIM.PROC. ANN. art. 44.02 calls for us to perform a review of appellant's pre-trial motions on their merits. *Morgan v. State*, 688 S.W.2d 504, 507 n. 2 (Tex.Crim.App.1985); TEX.R. APP.P. 40(b)(1).

The motion to suppress appellant's warrantless arrest, allegedly without probable cause, seeks suppression of all property seized after his arrest. Appellant asserts violations of the Fourth Amendment of the United States Constitution and of Article I, Section 10 of the Texas Constitution. Appellant also asserts violations of Chapter 14 of the Code of Criminal Procedure which defines circumstances in which warrantless arrests may be made in Texas.

The motion to suppress evidence contends there were material misrepresentations of fact in the affidavit supporting issuance of a search warrant. Appellant asserts the automobile was not "in charge of and controlled by" appellant at the time of the affidavit because the automobile had been taken to and was held at a police station. Appellant claims the failure to advise the magistrate that appellant had been arrested (and was in fact under warrantless arrest at the time the search warrant was being sought) was a reckless disregard of the truth. Further, appellant asserts the failure of the search warrant to

properly describe the vehicle to be searched renders the search void and the fruits of the search inadmissible.[1] Appellant contends the affidavit supporting the search warrant lacks sufficient information to allow a magistrate to determine probable cause, violating appellant's Fourth Amendment rights. Appellant claims the evidence actually seized should have been suppressed because it was not described in the search warrant.[2]

There was only one witness at the hearing on the motions to suppress. The investigating officer with the Houston Police Department was called by the defense. His testimony shows the complainant was a man driving a car with Georgia license plates who parked in front of a shopping center in southwest Houston at about 5:00 p.m. and went into a supermarket. When the burglar alarm on complainant's automobile sounded, complainant ran back to the parking lot where he saw some men drive away in another car with two sample cases taken from his car. The two cases contained jewelry valued at between seven hundred thousand dollars and one million dollars. Complainant and other persons who were eyewitnesses to the burglary of appellant's motor vehicle gave police a comprehensive physical description of each of the three men who committed the burglary. Witnesses also gave police a description of the getaway car: make, year, color, body style, and Texas license plate letters and numbers. Police learned the name and address of the owner of the getaway car from vehicle registration records. Appellant was the registered owner of the car. Police also found a prior arrest record of appellant which gave his physical description. The description of appellant matched the description of one of the burglars. Police went to the apartment complex which was appellant's address. The getaway car was found parked at the rear of appellant's apartment unit. Police established surveillance of the car and the apartment unit

shortly after 6:30 p.m. Just after midnight, appellant and another man appeared from within appellant's apartment unit carrying objects. An officer observed that one of the objects fit the description of the jewelry cases taken in the burglary approximately seven hours earlier. Both men carrying the objects matched the descriptions of two of the burglars. The objects believed to be the jewelry cases were placed and locked in the trunk of appellant's car. When appellant attempted to drive away from the apartment complex, police blocked his way and arrested him. Police asked appellant for consent to a search of his car. Appellant refused. Police handcuffed appellant and took him and his car to the police station. The officer testified that he hauled the car away to be sure the evidence would not be lost. He prepared an affidavit and obtained a warrant to search the car. He said he did this to be sure the evidence would be admissible in court. Upon opening the trunk, the two leather cases were revealed and were identified later by the complainant as his property. The two jewelry cases were empty. A magistrate subsequently issued a search warrant for the apartment unit.

The real issue before us is whether or not the two empty jewelry cases should have been suppressed as fruits of an illegal seizure made without probable cause or an arrest warrant.

We believe there was more than enough probable cause to make the arrest and that the search was justifiable without any warrant.

■ A police officer may arrest an individual without a warrant only if (a) there is probable cause with respect to that individual, and (b) the arrest falls within one of the exceptions specified in TEX.CODE CRIM. PROC.ANN. art. 14.01–14.04. *Lunde v. State*, 736 S.W.2d 665, 666 (Tex.Crim.App. 1987).

---

1. The warrant describes the vehicle to be searched as a "green two-door 1968 Oldsmobile 'DELMONT' 88, which carries a State of Texas license plate numbered as 566 PNG". [Note: Other testimony indicates the warrant should have read "DELTA" instead of "DELMONT."]

2. The property to be seized is described only as "jewelry."

"[T]he duty of the reviewing court is to look to the 'totality of the circumstances' to determine if there exists a substantial basis for concluding that probable cause existed at the time of the questioned action." *Angulo v. State*, 727 S.W.2d 276, 278 (Tex. Crim.App.1987), citing *inter alia, Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527.

■ An investigating officer's mere suspicion, hunch or "good faith perception," without more, is insufficient to constitute probable cause for an arrest. *Fatemi v. State*, 558 S.W.2d 463 (Tex.Crim.App.1977). The perceived event must be out of the ordinary, suspicious and tie a suspect with a criminal act. *Lunde v. State*, 736 S.W.2d 665 (Tex.Crim.App.1987). The individual's conduct cannot be as consistent with innocent activity as with a criminal act. *Glass v. State*, 681 S.W.2d 599 (Tex.Crim.App. 1984). The test for determining the existence of probable cause for a warrantless arrest has been stated as follows:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense.

*Adkins v. State*, 764 S.W.2d 782 (Tex.Crim. App.1988), citing, *inter alia, Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

■ The trial court has broad discretion in determining the admissibility of the evidence, and an appellate court will not reverse unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Crim.App.1976). The trial judge is the sole fact finder at a hearing on a motion to suppress evidence obtained in a search, and the judge may choose to believe or disbelieve any or all of a witness' testimony. *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.

App.1980). In this case the trial judge appears to have found probable cause by looking at all the circumstances, including: (1) observations by officers that something matching the description of what was taken in the burglary had been placed in appellant's car by; (2) persons whose descriptions matched those of persons who committed the burglary offense; and (3) the car was undoubtedly the getaway car involved in the burglary. The trial judge must have concluded that officers had a rational basis for arresting appellant and protecting evidence from loss or destruction. The trial court did not find the search warrant defective when it overruled appellant's motion to suppress the empty jewelry cases.

More than reasonable probable cause could be found by the trial court in a situation where police officers had under surveillance a specific vehicle known to have been involved in a burglary offense, and where two individuals with descriptions matching the burglars placed into the trunk of the getaway car certain objects similar to those taken in the burglary. This case presents much more than mere hunch. The conduct of the suspects cannot be viewed as equally consistent with innocent activity as it is with criminal activity under the circumstances, and the events reasonably tied appellant to an activity which was criminal conduct.

A prudent man looking at all the circumstances would have believed that appellant had been involved in the burglary and was still in possession of the stolen property at the time of his being observed by police officers in the apartment complex parking lot.[3] Given those circumstances, the requirements of TEX.CODE CRIM.PROC.ANN. art. 14.03(a)(1) were satisfied.

> Any peace officer may arrest, without warrant ... persons found in suspicious places and under circumstances which

---

**3.** The Supreme Court of Nebraska has construed TEX.CODE CRIM.PROC.ANN. art. 14.01 to mean that if a person is discovered with stolen property in his possession, he has committed an offense in the presence of the discovering police officer, and that an arrest without warrant would also be permissible under TEX.CODE CRIM.

PROC.ANN. art. 18.16. *State v. Palmer*, 210 Neb. 206, 313 N.W.2d 648 (1981), 215 Neb. 273, 338 N.W.2d 281 (1983), 224 Neb. 282, 399 N.W.2d 706 (1986), *cert. denied* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). We find no similar authority coming out of Texas courts, however.

reasonably show that such persons have been guilty of some felony or breach of the peace,

.  .  .  .  .

Suspicious circumstances are clearly shown by the facts and suspicious places can be inferred. "[F]ew, if any, places are suspicious in and of themselves. Rather, additional facts available to an officer plus reasonable inferences from those facts in relation to a particular place may arouse justifiable suspicion." *Johnson v. State,* 722 S.W.2d 417 (Tex.Crim.App.1986). Where persons matching descriptions of burglary suspects carry what appears to be stolen property toward the location of a car known to have been involved in a burglary earlier in the day, the location of that car and those suspects becomes a suspicious place where police must use appropriate caution as they make further investigation.

■ We also find the requirements of TEX.CODE CRIM.PROC.ANN. art. 14.04 were satisfied:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

■ Article 14.04 safeguards against unreasonable seizure of the person and facilitates apprehension of suspects who would escape pending procurement of a warrant. *See DeJarnette v. State,* 732 S.W.2d 346, 350 (Tex.Crim.App.1987). Article 14.04 does not require a showing that the offender in fact was about to escape, nor does it require a showing that there in fact was not time to procure a warrant. *Fry v. State,* 639 S.W.2d 463, 476 (Tex. Crim.App. [Panel Op.] 1982), *cert. denied* 460 U.S. 1039, 103 S.Ct. 1430, 75 L.Ed.2d

790 (1983). Article 14.04 will justify the arrest if the State shows the officers had "satisfactory proof" that: (1) a felony had been committed; (2) the appellant was the offender; and (3) the appellant was "about to escape." *DeJarnette,* 732 S.W.2d at 349. There is no question that police had satisfactory proof of the first two elements. The third element "has proved difficult for Texas courts." *Morelos v. State,* 772 S.W.2d 497, 501 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). This court found in *Morelos*[4] that the facts of the particular case must justify the Article 14.-04 arrest; the arresting officer's personal observations or credible information he has received can supply the "satisfactory proof;" the information before the arresting officer need not convince him beyond a reasonable doubt that the accused would escape in order to be "satisfactory" proof; and proof is "satisfactory" if it leads the arresting officers to reasonably believe the offender "would take flight if given the opportunity to do so," and that there was no time to procure a warrant. In our opinion there was sufficient showing of justification for the warrantless arrest of appellant under Article 14.04. Police connected appellant to the offense through perceptions of officers who took the eyewitnesses' description of appellant and the car in which he fled the scene of the burglary. There was sufficient reason to believe appellant would flee from the parking lot of the apartment complex if he were given the opportunity. It is axiomatic that, but for the police blocking his exit, appellant would have left the apartment complex with the jewelry cases before police could have obtained any warrant.

■ There was no need to obtain a search warrant, given adequate probable cause for police to believe that property acquired by theft in the burglary of complainant's automobile was in the trunk of

---

4. Citations in the *Morelos* opinion of this court include: *DeJarnette v. State,* 732 S.W.2d 346 (Tex.Crim.App.1987); *Sklar v. State,* 764 S.W.2d 778 (Tex.Crim.App.1987); *Stanton v. State,* 743 S.W.2d 233 (Tex.Crim.App.1988); *King v. State,* 631 S.W.2d 486 (Tex.Crim.App.1982), *cert. denied,* 459 U.S. 928, 103 S.Ct. 238, 74 L.Ed.2d 188;

*West v. State,* 720 S.W.2d 511 (Tex.Crim.App. 1986), *cert. denied,* 481 U.S. 1072, 107 S.Ct. 2470, 95 L.Ed.2d 878; *Fry v. State,* 639 S.W.2d 463 (Tex.Crim.App. [Panel Op.] 1982), *cert. denied* 460 U.S. 1039, 103 S.Ct. 1430, 75 L.Ed.2d 790 (1983).

appellant's automobile. Denial of suppression would have been proper on grounds of a search made by officers pursuant to lawful arrest under circumstances which reach well above the threshold of "reasonable belief" found in *Osban v. State,* 726 S.W.2d 107 (Tex.Crim.App.1986). A man of reasonable caution would be warranted in the belief that the objects placed in the trunk of that particular car were the jewelry cases taken in the burglary a few hours earlier. Given probable cause to search, the car could have been held pending issuance of the warrant by the magistrate or an immediate search without a warrant also would have been reasonable under the Fourth Amendment. *See Scott v. State,* 531 S.W.2d 825 (Tex.Crim.App.1976), discussing *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

■ The evidence also would be admissible as subject to inevitable discovery by standard police procedures. In the absence of a search warrant, the contents of the vehicle would have been inventoried after appellant's lawful arrest. *See Delgado v. State,* 718 S.W.2d 718 (Tex.Crim.App.1986), for a discussion of inventory searches as well as the search of a car trunk without warrant where there is probable cause to believe contraband or instrumentalities of crime are to be found. There is no reason to exclude the fruits of crime from such a warrantless search.

If a search warrant had been necessary, we do not believe the irregularities of the affidavit underlying the search warrant are fatal to its validity and use, however. Appellant made no showing of material misrepresentations of fact in the affidavit used to get the search warrant, nor of any reckless disregard of the truth. *See Dancy v. State,* 728 S.W.2d 772 (Tex.Crim.App.1987), *cert. denied* 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484. We believe the search warrant would have issued despite immaterial misstatements and omissions complained of by appellant. We also note the affiant, who testified, obtained the warrant in an abundance of caution. We do not view his act as that of a police officer "attempting to insulate his illegal actions by stepping

behind a judge's robes to justify the previous search and seizure," as alleged by appellant. Appellant's points of error are overruled.

The judgment of conviction is affirmed.