Tommie Lee BENFORD, Appellant,

v.

STATE of Texas, Appellee.

No. B14–94–00287–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 22, 1994.

Discretionary Review Refused
Jan. 11, 1995.

Glenn Youngblood, Houston, for appellant.

Scott Durfee, Houston, for appellee.

Before SEARS, LEE and BARRON, JJ.

## OPINION

SEARS, Justice.

Appellant plead not guilty before a jury to the offense of possession of a controlled substance, namely cocaine, weighing less than 28 grams including adulterants and dilutants. TEX.HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1994). The jury rejected his plea and found appellant guilty. Appellant plead true to one enhancement paragraph and the court assessed punishment at fifteen years confinement in the Institutional Division of the Texas Department of Criminal

Justice. In two points of error, appellant urges the trial court erred by admitting hearsay evidence during the suppression hearing and by admitting narcotics seized as a result of a warrantless search of appellant's vehicle. We affirm.

On October 21, 1993, Officer Gary Doyle of the Houston Police Department was working undercover attempting to purchase narcotics. Officer Doyle came in contact with a prostitute, Catherine Latson, and began negotiating with her. While discussing sex for hire, Officer Doyle informed Ms. Latson that he was interested in purchasing some crack cocaine. Ms. Latson informed him that she did not have any cocaine and did not know where to get any. Shortly thereafter, she saw appellant driving down Jensen and told Officer Doyle he was "the guy with the rocks." Ms. Latson entered Officer Doyle's vehicle and instructed him to follow appellant.

Officer Doyle then testified that they followed appellant to the Winfun Hotel where he gave Ms. Latson a marked $20 bill and she went over and entered appellant's car. Officer Doyle observed a conversation between Ms. Latson and appellant during which they leaned toward each other, then straightened back up. While Ms. Latson was in appellant's vehicle, Officer Doyle radioed the surveillance team, advised them of the situation and gave them a description of appellant and his vehicle. Ms. Latson returned to Officer Doyle's car and placed a piece of crack cocaine on the dashboard. Officer Doyle and Ms. Latson entered the Winfun Hotel where she was arrested.

The surveillance team followed appellant as he left the motel and sent out a request for his car to be stopped by a marked patrol car. Officer Abraham Vanderberry and his partner were in the area and responded to the request. Upon locating appellant's vehicle, Officer Vanderberry pulled appellant over and secured appellant and his passenger in the back of his patrol car. When Officer Doyle arrived and identified appellant as the man with whom Ms. Latson had met, he searched appellant's vehicle and recovered narcotics.

■ In his first point of error, appellant claims the trial judge erred in admitting hearsay evidence during the suppression hearing in violation of TEX.R.CRIM.EVID. 1101(d)(4) and TEX.R.CRIM.EVID. 802. At the hearing on the motion to suppress, Officer Doyle testified as follows:

Q. Explain to the judge what happened from the beginning when you first came into contact with the prostitute.

A. I questioned her or asked her where I could purchase some crack cocaine. Right at first she did not know until she saw Mr. Benford driving south on Jensen. She said that he was the guy with the rocks.

[Defense counsel]: Object to the constant reference to hearsay evidence.

THE COURT: That will be overruled in this instance.

Appellant also complains of other testimony to which he failed to object. Appellant has, therefore, waived error with regard to that testimony. *See Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim.App.1984).

Appellant cites *McVickers v. State,* 874 S.W.2d 662 (Tex.Crim.App.1993), for the proposition that because the rules of evidence apply to suppression hearings, no hearsay evidence is admissible during the hearing. Appellant's reliance on *McVickers* is misplaced. Rule 1101(d)(4) was enacted in 1986 and provides:

(d) In the following proceedings these rules apply to the extent matters of evidence are not provided for in the statutes which govern procedure therein or in another court rule prescribed pursuant to statutory authority:

\*　\*　\*　\*　\*　\*

(4) Motions to suppress confessions, or to suppress illegally obtained evidence under Texas Code of Criminal Procedure article 38.23.

TEX.R.CRIM.EVID. 1101(d)(4).

■ The Court of Criminal Appeals interpreted this rule for the first time in *McVickers* and held the rules of evidence apply to suppression hearings. They expressly stated, however, that the general doctrine allowing hearsay to establish probable cause was not affected. *McVickers,* 874

S.W.2d at 666. To establish probable cause, courts use a totality of the circumstances test. *Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App.1991). Probable cause exists when the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a particular person has committed or is committing an offense. *Id.* As illustrated in *McVickers*, there is a well established rule that an arresting officer may testify to statements made to him by third parties, which caused him to believe probable cause existed. *McVickers*, 874 S.W.2d at 664; *see also Adams v. State*, 552 S.W.2d 812, 814 (Tex. Crim.App.1977). Rule 1101(d)(4) works in conjunction with this doctrine to prevent other officers from testifying why the arresting officer had probable cause, but allows the arresting officer to testify to statements made to him that gave him reason to believe probable cause existed to conduct a search or arrest. Therefore, Officer Doyle's testimony was admissible.

■■■ Further, the testimony was admissible because it was not hearsay. Statements made by a third party to an officer, who uses these statements to determine probable cause, are not hearsay under Tex. R.Crim.Evid. 802. Rule 801(d) defines hearsay as a "statement ... offered into evidence to prove the truth of the matter asserted." Tex.R.Crim.Evid. 801(d). In a hearing to determine the admissibility of certain extraneous evidence where probable cause is questioned, trial judges are not looking at the statements to determine the truth of the matter, but rather, only to see what knowledge the officer actually had, and whether it was reasonably trustworthy under *Amores*. However, an officer who testifies to why another officer believed he had probable cause to search or arrest a particular defendant offers the testimony for the truth of the matter asserted. Therefore, Officer's Doyle's testimony is admissible under Tex. R.Crim.Evid. 1101(d)(4) and 802. Because the statements made by Ms. Latson to Officer Doyle were used solely to determine whether probable cause existed for appellant to be stopped and searched, they were ad-

missible during the suppression hearing. Accordingly, appellant's first point of error is overruled.

Appellant complains in his second point of error, that the trial court erred in admitting evidence seized as a result of a search of appellant's vehicle at the time of appellant's arrest. We acknowledge that at the time appellant was stopped and removed from his car, he was under arrest for Fourth Amendment seizure purposes. Therefore, there must have been probable cause for the search to be valid. *See, e.g., Torres v. State*, 868 S.W.2d 798, 801 (Tex.Crim.App.1993); *Amores*, 816 S.W.2d at 411.

■■ In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). If supported by the record, an appellate court is not at liberty to disturb a trial court's ruling. *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

■■ In this case, Officer Vanderberry was responding to a radio broadcast and had no personal knowledge of the reasons surrounding appellant's stop. In cases such as this where a radio broadcast is relied on, we look to what the dispatcher, Officer Doyle, knew. *See Amores*, 816 S.W.2d at 413, n. 1. Having already determined the admissibility of Ms. Latson's statements, we include them in the facts that Officer Doyle relied on to determine probable cause. At the time of appellant's arrest, Officer Doyle had the following facts within his knowledge to lead him to believe an offense had been committed by appellant:

—Ms. Latson saw appellant driving down Jensen and told Officer Doyle he was "the guy with the rocks."

—Officer Doyle gave Ms. Latson a marked $20 bill that she no longer had when she returned from appellant's vehicle.

—Officer Doyle witnessed a conversation between Ms. Latson and appellant that was consistent with a drug transaction.

—Ms. Latson, having previously stated she had no cocaine, returned from appellant's vehicle with a "piece" of cocaine and told Officer Doyle she had received it from appellant.

Under these circumstances, we find the trial court did not abuse its discretion in finding probable cause, and admitting the seized cocaine into evidence. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.