**Kizer Kip GRAYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–94–0353–CR.

Court of Appeals of Texas,
Amarillo.

Aug. 14, 1995.

---

Law Offices of Harold L. Comer (Harold L. Comer), Pampa, for appellant.

Gray County Dist. Atty. (John Mann, Tracey L. Jennings), Pampa, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

Appellant, Kizer Kip Grays, was convicted of attempted murder and sentenced to 20 years imprisonment. In one point of error, he asks whether the weapon used to commit the offense was discovered pursuant to an illegal search and, therefore, improperly admitted into evidence. We answer no and overrule the point.

## FACTS

The record shows that the weapon, a pistol, was found during a warrantless search of appellant's bedroom. Twenty years old, he lived with his parents and paid them rent. Furthermore, to prevent his nephews and others from entering the room, he had previously sought permission from his mother, Mrs. Grays, to lock the door. She acquiesced "as long as [she] had access to the room." So, he bought a deadbolt lock, installed it on the bedroom door, and gave his mother one of the two keys. Mrs. Grays placed the key in a sugar bowl atop her china cabinet.

On the day in question, approximately four months after installation of the lock, several officers appeared at the home. They solicited permission from Mrs. Grays to search his bedroom for a firearm he allegedly used to attempt a murder. She consented, removed the key from the sugar bowl and unlocked the door. The police found the weapon during their search of the room.

When asked, at the later suppression hearing, whether others had joint or equal access to the room, Mrs. Grays answered "no." In response to the query of whether she had access to the room for purposes other than "cleaning," Mrs. Grays initially responded that she "never really thought about it," then added "if I wanted to put something in there or get something out, I just went and done [sic] it."

## LAW

▮ The dispositive issue involves Mrs. Grays' ability to lawfully consent to the warrantless search of her son's room. Her ability to do so depended upon the amount of

access she retained to the room and the concomitant diminution in her son's reasonable expectations of privacy. *Sorensen v. State,* 478 S.W.2d 532, 533 (Tex.Crim.App. 1972) *quoting, Mancusi v. DeForte,* 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). In other words, if she exercised common authority over the premises, she could validly consent to its search. *See Patrick v. State,* 906 S.W.2d 481 (Tex.Crim.App.1995) (stating that the Fourth Amendment allows persons with common authority over property to consent to the search of the property); *Garcia v. State,* 887 S.W.2d 846, 851 (Tex.Crim.App. 1994) (stating that a third party may properly consent to a search when he has control over and authority to use the premises being searched).

■ "Common authority" entails mutual use of the property by persons generally having joint access or control. *Patrick v. State,* 906 S.W.2d at 490. For instance, in *Garcia* the defendant rented a garage apartment later searched by the police. The latter entered the facility via the consent of Garcia's landlord. The evidence revealed that in renting the property the landlord retained the right to keep some of his personal belongings in the apartment and enter same whenever he desired. This arrangement left him with enough control over the room to entitle him to consent to its search. That Garcia had changed the locks mattered not because that, in and of itself, "did not negate or breach the oral agreement [concerning access] so as to render it invalid." *Garcia v. State,* 887 S.W.2d at 852.

Similarly, in *Sorensen,* the defendant rented a bedroom from his mother. Though he was the room's sole occupant, Mrs. Sorenson had never been instructed to stay out. Furthermore, she occasionally entered it to gather and leave his laundry and pick up after him. These circumstances illustrated that she had "equal, if not superior right to be on the premises"; they also negated her son's expectations of privacy therein. *Sorensen v. State,* 478 S.W.2d at 534. Thus, the court determined that her consent to the search of the room bound everyone else having rights in the bedroom. *Id.*

The amount of authority exercised by Mrs. Grays, at the very least, equaled that of the consenting parties in *Garcia* and *Sorensen.* First, appellant had to seek her permission to lock the door in the first place; this indicated that she had final say about the room. Second, appellant wanted to secure his privacy against intrusion by his nephews, not his mother. Third, Mrs. Grays agreed to the proposal as long as she was allowed to enter. Fourth, appellant gave her the only other key to the room. Fifth, Mrs. Grays entered the room at will to leave and take things. These indicia established her joint control over the premises.[1] They further illustrated that though appellant may have retained expectations of privacy *vis-a-vis* his nephews and some third parties, he did not with regard to his mother.

Having received effective consent to search, the police infringed upon no constitutional right of appellant. Accordingly, we affirm the judgment entered below.

---

1. The circumstances in the pending case differed from those in *Woodberry v. State,* 856 S.W.2d 453 (Tex.App.—Amarillo 1993, no pet.), in at least two pivotal respects. First, in *Woodberry,* the "landlord's" authority to enter was limited solely to cleaning the room. *Id.* at 457. Yet, no restrictions were placed on Mrs. Grays, save the minor inconvenience unlocking the door. As she said, "if I wanted to put something in there or get something out, I just went in and [did] it." The record does not show that appellant ever attempted to stop her. Second, the precedential effect of *Sorensen v. State,* 478 S.W.2d 532 (Tex. Crim.App.1972) went unaddressed. That Mrs. Grays demanded, received, and utilized her access to the room also distinguished the pending matter from *Becknell v. State,* 720 S.W.2d 526 (Tex.Crim.App.1986), *cert. denied,* 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987). As noted in *Garcia v. State,* 887 S.W.2d 846 (Tex.Crim. App.1994), Becknell's parents had no key to the room and never entered it unless he was present.