Barbara Gayle TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–01058–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1996.

Randy Martin, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Barbara Gayle Turner appeals her conviction in a non-jury trial for possession of methamphetamine in an amount of less than twenty-eight grams. The trial court assessed her punishment at twenty-five years imprisonment, enhanced by two prior felony convictions. In two points of error, appellant contends the trial court erred in overruling her motion to suppress evidence. We affirm.

On March 23, 1994, Sergeant Ricks and Deputy Bedingfield, Harris County Sheriff's Department, went to appellant's home to investigate a report of narcotics activity. The owner of the house, Louise Turner, met the officers at the door and the officers explained the purpose of their visit. Mrs. Turner informed the officers that her two daughters, Sharon and Barbara (appellant) lived in the house with her. Mrs. Turner advised the officers that appellant had lived with her rent free for about four years and did not pay any part of the utility bills. Mrs. Turner advised the officers she owned the house and wanted to know if her daughters had drugs in the house. Mrs. Turner signed a voluntary con-

sent to search her house, which included appellant's room. Based on the written consent of Mrs. Turner, Sergeant Ricks prepared to search appellant's room. The door to appellant's room was standing open but before Sergeant Ricks entered appellant's room to search, he asked appellant for permission to search her room and she orally consented to this search. Shortly after Ricks began his search, he discovered marijuana. At that time he stopped his search and obtained appellant's written consent to search the premises. Ricks continued the search and discovered the methamphetamine.

■ In point of error one, appellant contends her mother, Louise Turner, did not have authority to consent to a search of her room. Appellant cites *Becknell v. State*, 720 S.W.2d 526 (Tex.Crim.App.1986) as authority.

*Becknell* held that the defendant's father lacked the authority to consent to the search of defendant's bedroom where the father testified that the defendant had kept his room padlocked for the past two years and kept the only key to it, where the father and other family members were allowed in the room only when the defendant was there, and where the defendant cooked and ate his own meals separately from the rest of the family. The court held that on "the narrow facts" of *Becknell*, the father did not exercise equal control over the bedroom and thus lacked authority to consent to its search. *Id.* at 528. In this case, Mrs. Turner and appellant testified, but neither testified as to any limitations of authority as to Mrs. Turner being able to enter appellant's room whenever she desired. Mrs. Turner testified that when appellant was in her room and the door was locked, Mrs. Turner would knock on the door and ask permission to enter. Other than this, neither party testified that there were any express restrictions with respect to privacy of the appellant. There is no evidence that Mrs. Turner had ever been instructed to stay out. We find appellant's mother had authority to consent to the search of appellant's bedroom because she had equal control over and equal access to appellant's bedroom. *Sorensen v. State*, 478 S.W.2d 532, 533–34 (Tex.Crim.App.1972); *Grays v. State*, 905 S.W.2d 54, 54–55 (Tex.App.—Amarillo 1995, no writ); *Sallings v. State*, 789 S.W.2d 408, 417–18 (Tex.App.—Dallas 1990, pet. ref'd). We overrule appellant's point of error one.

■ In point of error two, appellant contends her consent was involuntary. Appellant claims the officers promised her that she would not be arrested if she consented to the search. Both officers testified that there were no promises made to appellant in exchange for appellant's consent and that she was not threatened, coerced or intimidated.

■ In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980); *Posey v. State*, 763 S.W.2d 872, 874 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). As a basis for ruling on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness's testimony and the appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd.). Further, unless there is a clear showing of abuse of discretion, a trial court's ruling on the admissibility of the evidence should not be reversed. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The finding of the trial court that appellant's consent to search was voluntary is supported by the record in this case. We find that the trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's point of error two is overruled.

The judgment of the trial court is affirmed.