NO. 07-09-0322-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 3, 2010
_____

STEVEN RAY GARCIA,

Appellant

v.

THE STATE OF TEXAS

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18068-0906; HON. ED SELF, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK, J., and BOYD, S.J.[1]

Steven Ray Garcia (appellant) appeals his conviction for driving while intoxicated, a third degree felony. His first two issues involve the trial court's refusal to grant his motion to suppress evidence and to submit an article 38.23 instruction to the jury. His last issue involves the legal and factual sufficiency of the evidence supporting the verdict. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2009).

## Background

According to the record, Officer Dawn Paige Billingsly received a call from dispatch at around 1 a.m. about a disturbance caused by a purportedly intoxicated person. The alleged disturbance was at a local drug and alcohol rehabilitation center. The officer responded to the call and encountered Nancy Salinas standing outside the center with two other people. Salinas was the center employee who phoned the police. Moreover, she told Billingsly that the person about whom she called was "real intoxicated and disturbing the facility." So too did she reveal that she knew the person's identity, that he was the ex-boyfriend of another lady who worked at the center, that she knew the individual through NA and AA meetings, that he left the facility on foot, and that she believed him to be "highly intoxicated either by alcohol or drugs." As she and the officer spoke, she also spied the individual (who happened to be appellant) enter a car and drive away. The officer's attention was directed to appellant as he drove away, and this resulted in Billingsly radioing another policeman about appellant's departure and direction of travel. The other officer, Reyes, encountered appellant and effectuated a stop.

As Reyes approached appellant, the latter began "yelling profanity" out of the driver's side window. Appellant also had to be asked several times to exit his car before he complied. Furthermore, during their encounter, the officer noticed that appellant had eyes that appeared bloodshot, "red, glassy or watery." He also smelled alcohol on appellant. Appellant also admitted to having drunk a few beers earlier. Based upon these observations and the information he had previously received, Reyes submitted

2

appellant to various field sobriety tests.  Appellant's performance on those tests led to his arrest.

### *Issue One – Motion to Suppress*

Appellant initially contends that the trial court erred in denying his motion to suppress.  Allegedly, the circumstances failed to provide legal basis for the stop.  This was so, the argument continues, because the information provided to Billingsly was nothing more than an uncorroborated tip founded upon hearsay uttered by Salinas.  We disagree and overrule the issue.[2]

*Standard of Review*

We review the trial court's ruling on a motion to suppress under the standard discussed in *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005).  It requires us to give great deference to the trial court's interpretation of historical fact and assessment of a witness' credibility.  *Id.* at 493.  However, we need not give such deference to its application of the law to the facts, especially when those facts are undisputed.  *Neal v. State,* 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  In that situation, we consider the matter *de novo.  Id.*

*Analysis*

Whether the officers could legitimately stop appellant depended upon whether they had reasonable suspicion to believe that crime was afoot and appellant was involved in it.  *State v. Sheppard*, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008).

---

[2]The State argues that appellant failed to preserve the issue because he did not object at trial to the evidence garnered as a result of his detention.  Yet, the record shows that appellant moved to suppress that evidence before trial, a hearing was held on the motion, and the trial court denied the request.  These circumstances having occurred, appellant was not obligated to again object at trial.  *See Gaza v. State,* 126 S.W.3d 79, 84 (Tex. Crim. App. 2004) (holding that one sufficiently preserves error if the complaint was the basis of an unsuccessful pretrial motion to suppress).

Moreover, the focus is not on whether the suspect actually committed the crime or the ultimate accuracy of the information upon which the officer relied. Indeed, a stop may still be lawful even if the facts on which it was based are ultimately found to be false or wrong. *Icke v. State*, 36 S.W.3d 913, 916 (Tex. App.–Houston [1st Dist.] 2001, pet. ref'd). Rather, of import is the reasonableness of the officer's belief that crime is afoot. *Doyle v. State,* 265 S.W.3d 28, 31 (Tex. App.–Houston [1st Dist.] 2008, pet. ref'd). And, here, the record shows that Billingsly was told at 1 a.m. of a purported disturbance by an intoxicated person at a rehabilitation center. When she arrived at the location, she encountered the person who made the call standing outside of the facility. That person not only described for the officer the suspect's allegedly intoxicated conduct but also disclosed that she personally knew the person, *i.e.* appellant. So too did the officer see appellant leave the scene. Those circumstances were sufficient to enable a reasonable officer to rationally suspect that the person leaving, *i.e.* appellant, was involved in criminal activity. Consequently, the officers had reasonable suspicion to temporarily detain appellant.

Aside from the fact that Salinas' information was based upon what others told her, appellant cites us to nothing of record indicating that a reasonable officer should have doubted her credibility. Nor do we have before us some unnamed source the reliability of which Billinglsy was left to guess. Rather, before directing Reyes to detain appellant, the officer personally met with Salinas at the scene of the purported offense, discovered that she was the one who called the police, learned that she was an employee of the center whereat the disturbance allegedly occurred, learned that Salinas personally knew the person causing the disturbance, garnered data from Salinas about

4

the nature of appellant's conduct, and witnessed Salinas identify appellant at the scene. The trial court could have legitimately determined from these indicia that a reasonable officer had adequate basis to infer Salinas provided reliable information.

Nor is it of great moment that much of Salinas' information about appellant being intoxicated and disruptive that evening came to her from others. Indeed, given the issue involved (that is, whether the circumstances were sufficient to enable an officer to objectively deduce that reasonable suspicion existed that crime was afoot), it is doubtful that her comments were even hearsay. This is so because they were not tendered at the suppression hearing to prove the matter asserted or that appellant was drunk and disturbing others. Instead, they served to illustrate what Billingsly knew or understood immediately before requesting appellant's detention. *See Benford v. State*, 895 S.W.2d 716, 718 (Tex. App.–Houston [14th Dist.] 1994, no pet.) (holding that the testimony was not hearsay because the information was not proffered for the truth of what was asserted but rather to show what the officer knew and acted upon). Additionally, we are cited to nothing of record suggesting that Billingsly knew the information being imparted by Salinas was secondhand. What we have instead is evidence of an officer responding to a call in the wee hours of the morning, talking with the caller about the misconduct of a third party, and being directed to the third party in question.

In sum, the record before us contains sufficient information to permit the trial court to hold that appellant's stop was founded upon reasonable suspicion to believe that crime was afoot and appellant was entangled in it. Thus, we cannot say that the trial court erred in refusing to grant appellant's motion to suppress.

### *Issue Two – Jury Instruction*

In his second issue, appellant contends that the trial court erred in failing to submit to the jury an article 38.23 instruction regarding the legality of the stop.[3]   We disagree and overrule the issue.

In his brief, appellant contends that he was entitled to the instruction since a question arose with regard to the essential facts that led Reyes to effectuate the stop. What created this purported fact issue was the disclosure that Salinas' information came from others, as opposed to her own interaction with appellant.   Yet, appellant refers us to nothing of record suggesting that Salinas said something other than that attributed to her.   Nor did we find such evidence or any other testimony raising a fact dispute with regard to why Billingsly ordered appellant's detention.   Thus, the trial court lacked basis to submit the instruction at issue.  *See Vennus v. State*, 282 S.W.3d 70, 80 (Tex. Crim. App. 2009) (stating that the trial court must submit an article 38.23 instruction when there is a factual dispute).

### *Third Issue – Sufficiency of the Evidence*

In his final complaint, appellant asserts that the evidence was legally and factually insufficient to support his conviction for driving while intoxicated.   This is so because the State supposedly failed to prove beyond a reasonable doubt that appellant was intoxicated "by not having the normal use of [his] mental or physical faculties by

---

[3]Article 38.23 of the Texas Code of Criminal Procedure states that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case" and that in "any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

reason of the introduction of alcohol into the body." We disagree and overrule the issue.

The record contains evidence showing that the police had been called because of a disturbance committed by an intoxicated person. When Reyes confronted appellant, the former smelled alcohol on the latter. So too did he see appellant's bloodshot, glassy eyes and hear appellant admit to having consumed a few beers. Furthermore, appellant possessed all six of the horizontal-gaze nystagmus test clues indicative of inebriation. Appellant also was unable to perform other field sobriety tests. The jurors further heard the officer deduce (from appellant's performance during the administration of the foregoing tests) that appellant lost the normal use of his physical or mental faculties due to his ingestion of alcohol. This is some evidence upon which a rational jury could deduce, beyond reasonable doubt, that appellant was driving while intoxicated. Furthermore, the evidence supporting that deduction was not so weak nor the contradictory evidence so strong as to render the verdict manifestly unjust. Thus, the claims of legal and factual insufficiency are rejected. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also Watson v. State,* 204 S.W.3d 404 (Tex.Crim.App. 2006) (discussing the pertinent standards of review).

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Publish.


7