NO. 07-09-0322-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                  JUNE
3, 2010

                                            ______________________________

 

                                                         STEVEN RAY GARCIA, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                         THE STATE OF TEXAS 

 

                                                                                                            Appellee

                                           _______________________________

 

                         FROM THE 242ND DISTRICT
COURT OF HALE COUNTY;

 

                                  NO.  B18068-0906; HON. ED SELF, PRESIDING

                                           _______________________________

 

Opinion

_______________________________

 

Before QUINN, C.J., and HANCOCK, J.,
and BOYD, S.J.[1]

            Steven Ray Garcia (appellant)
appeals his conviction for driving while intoxicated,
a third degree felony.  His first two
issues involve the trial court’s refusal to grant his motion to suppress
evidence and to submit an article 38.23 instruction to the jury.  His last issue involves the legal and factual
sufficiency of the evidence supporting the verdict.  We affirm. 


Background

            According to the record, Officer
Dawn Paige Billingsly received a call from dispatch
at around 1 a.m. about a disturbance caused by a purportedly intoxicated person.  The alleged disturbance was at a local drug
and alcohol rehabilitation center.  The
officer responded to the call and encountered Nancy Salinas standing outside
the center with two other people.  Salinas
was the center employee who phoned the police. 
Moreover, she told Billingsly that the person
about whom she called was “real intoxicated and disturbing the facility.”  So too did she reveal that she knew the  person’s identity, that he was the
ex-boyfriend of another lady who worked at the center, that she knew the
individual through NA and AA meetings, that he left the facility on foot, and
that she believed him to be “highly intoxicated either by alcohol or
drugs.”  As she and the officer spoke,
she also spied the individual (who happened to be appellant) enter a car and
drive away.  The officer’s attention was
directed to appellant as he drove away, and this resulted in Billingsly radioing another policeman about appellant’s
departure and direction of travel.  The other
officer, Reyes, encountered appellant and effectuated a stop.  

            As Reyes approached appellant, the
latter began “yelling profanity” out of the driver’s side window.  Appellant also had to be asked several times
to exit his car before he complied.  Furthermore,
during their encounter, the officer noticed that appellant had eyes that appeared
bloodshot, “red, glassy or watery.”  He
also smelled alcohol on appellant.  Appellant
also admitted to having drunk a few beers earlier.  Based upon these observations and the
information he had previously received, Reyes submitted appellant to various field
sobriety tests.  Appellant’s performance
on those tests led to his arrest.    

Issue One – Motion to Suppress

            Appellant initially contends that
the trial court erred in denying his motion to suppress.   Allegedly, the circumstances failed to
provide legal basis for the stop.  This was
so, the argument continues, because the information provided to Billingsly was nothing more than an uncorroborated tip founded
upon hearsay uttered by Salinas.  We disagree
and overrule the issue.[2]

            Standard
of Review



We review the
trial court’s ruling on a motion to suppress under the standard discussed in Ford
v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005).  It requires us to give great deference to the
trial court’s interpretation of historical fact and assessment of a witness’ credibility.  Id. at 493.  However, we need not give such deference to
its application of the law to the facts, especially when those facts are
undisputed.  Neal v.
State, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  In that situation, we consider the matter de
novo.  Id.

            Analysis

            Whether the officers could legitimately stop appellant
depended upon whether they had reasonable suspicion to believe that crime was
afoot and appellant was involved in it.  State
v. Sheppard, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008).  Moreover, the focus is not on whether the
suspect actually committed the crime or the ultimate accuracy of the information
upon which the officer relied.  Indeed, a
stop may still be lawful even if the facts on which it was based are ultimately
found to be false or wrong.  Icke v. State, 36 S.W.3d 913, 916 (Tex. App.–Houston [1st
Dist.] 2001, pet. ref’d).  Rather, of import is the reasonableness of
the officer’s belief that crime is afoot. 
Doyle v. State, 265 S.W.3d 28, 31 (Tex. App.–Houston [1st
Dist.] 2008, pet. ref’d).  And, here, the record shows that Billingsly was told at 1 a.m. of a purported disturbance by
an intoxicated person at a rehabilitation center.  When she arrived at the location, she
encountered the person who made the call standing outside of the facility.  That person not only described for the
officer the suspect’s allegedly intoxicated conduct but also disclosed that she
personally knew the person, i.e. appellant.  So too did the officer see appellant leave
the scene.  Those circumstances were
sufficient to enable a reasonable officer to rationally suspect that the person
leaving, i.e. appellant, was involved in criminal activity.  Consequently, the officers had reasonable
suspicion to temporarily detain appellant. 


            Aside from the fact that Salinas’ information was based
upon what others told her, appellant cites us to nothing of record indicating
that a reasonable officer should have doubted her credibility.  Nor do we have before us some unnamed source
the reliability of which Billinglsy was left to guess.  Rather, before directing Reyes to detain
appellant, the officer personally met with Salinas at the scene of the
purported offense, discovered that she was the one who called the police,
learned that she was an employee of the center whereat the disturbance
allegedly occurred, learned that Salinas personally knew the person causing the
disturbance, garnered data from Salinas about the nature of appellant’s
conduct, and witnessed Salinas identify appellant at the scene.  The trial court could have legitimately
determined from these indicia that a reasonable officer had adequate basis to
infer Salinas provided reliable information. 


            Nor is it of great moment that much of Salinas’
information about appellant being intoxicated and disruptive that evening came
to her from others.  Indeed, given the
issue involved (that is, whether the circumstances were sufficient to enable an
officer to objectively deduce that reasonable suspicion existed that crime was
afoot), it is doubtful that her comments were even hearsay.  This is so because they were not tendered at
the suppression hearing to prove the matter asserted or that appellant was
drunk and disturbing others.  Instead,
they served to illustrate what Billingsly knew or
understood immediately before requesting appellant’s detention.  See Benford v.
State, 895 S.W.2d 716, 718 (Tex. App.–Houston [14th
Dist.] 1994, no pet.) (holding that the testimony was
not hearsay because the information was not proffered for the truth of what was
asserted but rather to show what the officer knew and acted upon).  Additionally, we are cited to nothing of
record suggesting that Billingsly knew the
information being imparted by Salinas was secondhand.  What we have instead is evidence of an
officer responding to a call in the wee hours of the morning, talking with the
caller about the misconduct of a third party, and being directed to the third party
in question.     

            In sum, the record before us contains sufficient
information to permit the trial court to hold that appellant’s stop was founded
upon reasonable suspicion to believe that crime was afoot and appellant was
entangled in it.  Thus, we cannot say
that the trial court erred in refusing to grant appellant’s motion to suppress.

 

Issue Two –
Jury Instruction

            In
his second issue, appellant contends that the trial court erred in failing to submit
to the jury an article 38.23 instruction regarding the legality of the stop.[3]   We disagree and overrule the issue.

            In
his brief, appellant contends that he was entitled to the instruction since a
question arose with regard to the essential facts that led Reyes to effectuate
the stop.   What created this purported
fact issue was the disclosure that Salinas’ information came from others, as
opposed to her own interaction with appellant. 
Yet, appellant refers us to nothing of record suggesting that Salinas said
something other than that attributed to her. 
Nor did we find such evidence or any other testimony raising a fact
dispute with regard to why Billingsly ordered
appellant’s detention.  Thus, the trial
court lacked basis to submit the instruction at issue.  See Vennus v. State, 282 S.W.3d 70, 80 (Tex. Crim. App.
2009) (stating that the trial court must submit an article 38.23 instruction
when there is a factual dispute).  

Third Issue
– Sufficiency of the Evidence

            In
his final complaint, appellant asserts that the evidence was legally and
factually insufficient to support his conviction for driving while intoxicated.  This is so because the State supposedly failed
to prove beyond a reasonable doubt that appellant was intoxicated “by not
having the normal use of [his] mental or physical faculties by reason of the
introduction of alcohol into the body.”  We
disagree and overrule the issue.

            The record contains evidence showing
that the police had been called because of a disturbance committed by an
intoxicated person.  When Reyes
confronted appellant, the former smelled alcohol on the latter.  So too did he see appellant’s bloodshot,
glassy eyes and hear appellant admit to having consumed a few beers.  Furthermore, appellant possessed all six of
the horizontal-gaze nystagmus test clues indicative
of inebriation.  Appellant also was
unable to perform other field sobriety tests. 
The jurors further heard the officer
deduce (from appellant’s performance during the administration of the foregoing
tests) that appellant lost the normal use of his physical or mental faculties
due to his ingestion of alcohol.  This is
some evidence upon which a rational jury could deduce, beyond reasonable doubt,
that appellant was driving while intoxicated. 
Furthermore, the evidence supporting that deduction was not so weak nor
the contradictory evidence so strong as to render the verdict manifestly
unjust.  Thus, the claims of legal and
factual insufficiency are rejected.  See ­­­­­­­­­­­­­­Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); see also Watson v. State, 204 S.W.3d 404 (Tex.Crim.App. 2006) (discussing
the pertinent standards of review).

            Accordingly,
we affirm the judgment of the trial court.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

Publish.



 











[1]John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code
Ann. §75.002(a)(1) (Vernon Supp. 2009).





[2]The State argues that appellant failed
to preserve the issue because he did not object at trial to the evidence
garnered as a result of his detention. 
Yet, the record shows that appellant moved to suppress that evidence
before trial, a hearing was held on the motion, and the trial court denied the
request.  These circumstances having
occurred, appellant was not obligated to again object at trial.  See
Gaza v. State, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004) (holding that one
sufficiently preserves error if the complaint was the basis of an unsuccessful
pretrial motion to suppress).   





[3]Article 38.23 of the Texas Code of
Criminal Procedure states that "[n]o evidence obtained by an officer or
other person in violation of any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused on the trial of any criminal
case" and that in "any case where the legal evidence raises an issue
hereunder, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of the provisions
of this Article, then and in such event, the jury shall disregard any such
evidence so obtained."  Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005).